W. E. SISSON AND A. A. PERRYMAN, JR., PARTNERS TRADING AND DOING BUSINESS AS TERMINAL CITY OIL COMPANY, v. S. S. ROYSTER, D. W. ROYSTER, H. R. ROYSTER, S. S. ROYSTER, JR., AND D. W. ROYSTER, JR., PARTNERS TRADING AS ROYSTER TRANSPORT CO.

(Filed 10 December, 1947.)

**1. Automobiles § 18h (2)—**

Plaintiffs' truck and defendants' truck, traveling in opposite directions, collided on the highway. There was evidence on the part of each party in support of his contention that the truck of the other party was over the center line of the highway when the collision occurred. *Held:* The conflicting evidence presents questions of fact for the jury, and the denial of plaintiffs' motion to nonsuit defendants' counterclaim was proper.

**2. Appeal and Error § 39e—**

Where defendants' contention that the collision forming the basis of the action was due to the negligence of the driver of plaintiffs' truck is presented to the jury in the pleadings, the testimony of one of defendants and the charge of the court, an exception to the admission in evidence of a letter written by the defendant which stated that the accident was the result of the negligence of plaintiffs' driver cannot be sustained on the ground that it was a self-serving declaration, since, even so, its admission could not have been prejudicial.

**3. Appeal and Error § 38—**

The burden is on appellant not only to show error but also that it was material and prejudicial.

APPEAL by plaintiffs from *Williams, J.,* at April Term, 1947, of NEW HANOVER. No error.

This was an action to recover damages for injury to plaintiffs' motor truck and trailer growing out of collision on the highway with defendants' truck and trailer. Both vehicles were being used in the transportation of gasoline, plaintiffs' unit being at the time empty and traveling east, and defendants' unit at the time loaded with gasoline and traveling west.

Plaintiffs alleged that the collision and consequent injury to their truck and trailer was caused by the negligence of defendants' driver in

the operation of defendants' truck. The defendants denied negligence on part of their driver, and set up a counterclaim for injury to defendants' truck and cargo, alleging that the collision and resultant injury to defendants' property was caused solely by the negligence of plaintiffs' driver.

Appropriate issues were submitted to the jury who for their verdict found that the plaintiffs' property was not damaged by negligence of the defendants, and on issues addressed to defendants' counterclaim the jury found defendants' property was damaged by the negligence of the plaintiffs and awarded compensation therefor against the plaintiffs.

From judgment on the verdict, plaintiffs appealed.

*Stevens & Burgwin and J. Laurence Jones for plaintiffs, appellants.*

*Carr & Carr and Poisson, Campbell & Marshall for defendants, appellees.*

DEVIN, J. A collision of oil trucks on the highway near Maxton, North Carolina, resulted disastrously. Plaintiffs' truck and trailer were badly battered, and defendants' truck and trailer loaded with gasoline were set on fire, the truck destroyed, the contents consumed, and the driver burned to death. This occurred on the night of 19 April, 1946. On 26 April, following, plaintiffs entered suit against defendants for injury to their truck, and the defendants by answer set up their claim for damages against the plaintiffs by way of counterclaim, alleging negligence on the part of plaintiffs' driver. The evidence on the controverted questions of fact as to whose negligence caused the collision was submitted to the jury and decided in favor of the defendants.

The plaintiffs bring up with their appeal from this adverse result several assignments of error. They present the view that there was no competent evidence of negligence on the part of plaintiffs, and that their motion for judgment of nonsuit as to defendants' counterclaim should have been allowed. It appears from the record that plaintiffs interposed motion for nonsuit at the close of defendants' evidence and excepted to its denial, but later offered a witness in rebuttal without thereafter renewing their motion (G. S., 1-183). However, this omission was not harmful, as we have considered the question of the probative value of defendants' evidence and reached the conclusion that there was some evidence to support defendants' allegations of negligence on the part of the plaintiffs. *Coach Co. v. Lee,* 218 N. C., 320, 11 S. E. (2d), 341. True, the plaintiffs' witness Lockey testified the driver of defendants' truck drove his truck over the center line of the highway and into plaintiffs' truck, and there was other evidence offered by plaintiffs tending to corroborate this view, but, on the other hand, the defendants offered the testimony of a

witness who was driving another truck close behind defendants' truck, tending to show that defendants' truck remained on the north side of the center of the highway at all times, and that there was a trail of oil beginning north of the center of the highway and extending across the highway to a point underneath plaintiffs' truck, and evidence was offered as to the position of defendants' truck after the collision, and the location of fragments and marks on the surface of the road. The conflicting versions of what occurred and as to who was at fault in causing the collision presented a question for the jury. As was said in *Lavender v. Kurn,* 327 U. S., 645, "But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable."

Plaintiffs also assign error in the ruling of the trial court in admitting in evidence, over objection, a letter written by D. W. Royster, one of defendants, to the plaintiffs, dated 25 April, 1946, in which it was stated that after investigating the wreck in which defendants' gasoline transport unit was destroyed and the driver killed, "we are convinced that this accident was due entirely to the negligence of your driver Lockey, and we are requesting that you arrange for immediate payment for all loss incurred in this wreck." There was no request that the scope of this evidence be restricted. It appeared that on the cross-examination of W. E. Sisson, one of the plaintiffs, he had been shown this letter and asked if he had received it, to which he replied that he recalled "receiving a similar letter some two weeks after the end of this suit." It was admitted that the letter was received by plaintiffs 26 April. The plaintiffs contend this letter contained a self-serving declaration and was incompetent. Defendants' reply that it was competent as showing demand on the plaintiffs, and that immediately on its receipt, the same day, the plaintiffs instituted suit against defendants in New Hanover County where plaintiffs reside, and that defendants, residents of Cleveland County, were therefore compelled to set up their cause of action by way of counterclaim. The defendants also call attention to the testimony of defendant Royster, admitted without objection, that he had investigated the wreck immediately after it occurred, and that he had made a written demand on plaintiffs 25 April, forwarded it by registered mail, and produced the return receipt signed by plaintiffs. Defendants contend the letter was competent to explain or contradict the testimony of Mr. Sisson, and also to corroborate Mr. Royster, and that in either view it was competent.

In any event, we are unable to see how the plaintiffs were prejudiced by the admission of this letter. In the pleadings, read in the presence of the jury, was set forth defendants' allegation that the collision was caused

solely by the negligence of plaintiffs' employee, and in the court's charge to the jury in stating the rival claims of the parties as pleaded it was stated that the defendants claimed plaintiffs' driver Lockey was driving in a negligent and careless manner which proximately caused the destruction by fire of defendants' property. Hence, the jury were fully aware that defendants' cross-action was bottomed on the claim that the collision was due entirely to the negligence of plaintiffs' driver, and that defendants were asking compensation for the loss. The letter added nothing to what had already been brought to their attention. If there was error in admitting the letter, which is not conceded, we cannot hold that plaintiffs were prejudiced thereby. Its admission was not of sufficient moment to make it appear that the jury was improperly influenced by it. It is a familiar rule in appellate procedure that the burden is on the appellant not only to show error, but also "that it is material and prejudicial amounting to the denial of some substantial right" (*Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797; *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863), and "that a different result would have likely ensued." *S. v. King,* 225 N. C., 236, 34 S. E. (2d), 3.

We have examined the other assignments of error brought up in plaintiffs' appeal and find them without substantial merit. No prejudicial error sufficient to warrant a new trial has been shown.

No error.