[No. 49163–1. En Banc. April 7, 1983.]

GAITHER B. EVERETT, ET AL, *Appellants*, v. THE STATE OF WASHINGTON, *Respondent*.

*J. Kathleen Learned* and *Schroeter, Goldmark & Bender,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *John H. Keith, Assistant,* for respondent.

STAFFORD, J.—We are asked to determine whether a license to practice dentistry issued pursuant to the Dental Licensing Act, RCW 18.32, authorizes the practice of general anesthesiology for nondental purposes. We hold that despite the appellant's considerable expertise in the field of anesthesiology, his dental license does not authorize the administration of anesthesia for nondental purposes except as now permitted by RCW 18.71.030(11); Substitute House Bill 1047, Laws of 1982, ch. 51.

Appellant, Dr. Gaither B. Everett, is licensed to practice dentistry in the states of Washington, Oregon, Idaho and Ohio. Upon completing his studies at the University of Washington Dental School in 1963, Dr. Everett became a

faculty member at the dental school. In 1967, he entered a 33–month general anesthesia residency program administered through the University of Washington Medical School. This residency program is the same one completed by graduates of medical school who wish to specialize in anesthesiology.

Appellant completed his residency in 1970 and was subsequently appointed an assistant professor in the Department of Anesthesiology at the University of Washington Medical School. This was done with full knowledge that he was licensed as a dentist and not as a physician. In his capacity as assistant professor and later as associate professor, appellant taught general anesthesiology to both medical and dental students and administered all types of anesthesia to dental and nondental patients. Appellant is particularly known for his expertise in anesthetizing infants for open–heart surgery. We note the record is filled with affidavits attesting to appellant's impressive skill and training as an anesthesiologist.

In late 1977, appellant inquired whether he was authorized to sign Medicare papers for reimbursement of his services as an anesthesiologist. In January 1978, the Attorney General's Office informed him that his license to practice dentistry did not authorize the administration of anesthesia for nondental purposes. This informal Attorney General's opinion was sent to the University and its advice was subsequently adopted by the Washington State Board of Medical Examiners and the Washington Dental Examining and Disciplinary Boards.

On January 6, 1978, the University of Washington limited appellant's practice to the administration of general anesthesia to dental patients only. Under such limitation, the University was forced to reduce his appointment by 75 percent. He voluntarily took a leave of absence until the license question could be resolved. Due to forced budget cuts, the University has since terminated appellant's position.

On August 14, 1979, appellant filed a declaratory judg-

ment action to clarify the meaning of the Dental Licensing Act, RCW 18.32, with respect to the practice of anesthesiology. His suit for damages was bifurcated from the declaratory judgment action. The trial court found the professional licensing scheme contained in RCW 18.32 indicated a legislative intent to limit dentists to work on and treatment of the teeth and associated oral structures. The court thereafter concluded that appellant was not authorized to administer general anesthesia for nondental purposes and granted summary judgment for the State. Dr. Everett appealed and the Court of Appeals certified the matter to this court.

In February 1982, the Legislature amended RCW 18.71.030 of the *Medical Practice Act* to allow a dentist who has completed a medical residency program in anesthesiology to administer general anesthesia. Substitute House Bill 1047, Laws of 1982, ch. 51, codified at RCW 18.71.030(11). To the extent that we are asked to determine whether a dentist *currently* has authority to administer anesthesia to nondental patients, the question is moot. *Hansen v. West Coast Wholesale Drug Co.*, 47 Wn.2d 825, 827, 289 P.2d 718 (1955). The recent legislation clearly allows a dentist with the proper qualifications to engage in the practice of general anesthesiology. RCW 18.71.030(11). Nevertheless, appellant's action for damages against the State and the University is still pending in the Thurston County Superior Court. We therefore must determine whether appellant had authority to administer nondental anesthesia at the time the challenge to his authority first arose in 1978. We emphasize, however, that the question of damage liability is not before this court. This opinion addresses only the declaratory judgment question relating to the dental licensing scheme as it existed in 1978.

At the time the Attorney General's Office first challenged appellant's practice of anesthesiology, neither the Dental Licensing Act, RCW 18.32, nor the Medical Practice Act, RCW 18.71, authorized the practice of *medical* anesthesiology by a dentist. For the purpose of disposing of the issue

before us we assume that Dr. Everett is well trained and highly qualified to administer anesthesia for medical purposes. Nevertheless, the question is not whether *appellant* had statutory authority to administer anesthesia. Rather, the question is whether *all* dentists had such authority.

While our State's statutory licensing scheme does not provide a special license for the practice of anesthesiology, it is clear anesthesia administered in connection with a nondental surgical operation is a medical treatment within the scope of the Medical Practice Act, RCW 18.71. That act requires one to be licensed as a medical doctor to administer any medical treatment. RCW 18.71.020. Appellant was neither licensed as a medical doctor nor did the Medical Practice Act exempt him from this requirement; therefore, our inquiry must focus on the scope of the Dental Licensing Act, RCW 18.32.

Dr. Everett contends he has always had authority to administer anesthesia either in a dental or nondental setting. His argument centers on the language of RCW 18.32-.020 which states that a person licensed as a dentist may "(4) [engage] in any of the practices included in the curricula of recognized and approved dental schools or colleges". The doctor notes that general anesthesia is a required subject taught in all accredited dental schools and further, that there is no practical difference between the anesthesiology training given in dental schools and that given in medical schools. Thus, he asserts, the practice of nondental anesthesiology is authorized by subsection 4. We disagree.

Subsection 4 must be viewed as part of an integral whole. The Legislature has clearly exercised its inherent constitutional power to restrict the practice of dentistry to treatment which concerns the teeth and oral structures. By implication, the Dental Licensing Act clearly limits the authority to administer anesthesia for dental procedures only. Were we to adopt appellant's argument, we would in effect unconstitutionally delegate the Legislature's regulatory authority to the dental schools, allowing the schools to define and expand the practice of dentistry. Const. art. 2, §

1; *Woodson v. State,* 95 Wn.2d 257, 623 P.2d 683 (1980); *Pannell v. Thompson,* 91 Wn.2d 591, 598, 589 P.2d 1235 (1979). It may be true that the anesthesiology training received in most dental schools would qualify any dental graduate to administer anesthesia in a nondental surgical operation. This does not mean, however, that a licensed dentist is *statutorily authorized* to do so. A license to practice dentistry is limited in nature. We cannot expand the scope of that license, no matter how personally qualified a particular dentist may be.

Undoubtedly the Legislature did not contemplate a situation such as Dr. Everett's in setting up the licensing schemes found in the Dental Licensing and Medical Practice Acts. Neither act, in effect in 1978, expressly prohibits nor expressly allows a dentist to administer anesthesia in a medical setting. The purpose of the acts is to protect the public from the practice of dentistry and medicine by nonqualified persons. Certainly, the public did not suffer from appellant's practice of anesthesiology. Nevertheless, were this court to declare the practice of general anesthesiology to be within the scope of a dental license, we would in effect be declaring that *all* dentists had the authority. Not every dentist is as well qualified as Dr. Everett. Moreover, such a declaration would be adverse to the legislative purpose of protecting the public from treatment by nonqualified persons. We therefore find that under the law as it existed in 1978, Dr. Everett lacked legislative authority to engage in the practice of medical anesthesiology.

Our interpretation is further supported by the Legislature's recent amendment to the Medical Practice Act, RCW 18.71.030(11), and by the legislative history of that enactment. The restrictive language of the amendment suggests that the Legislature wished to extend a grant of authority which did not previously exist. If dentists already had the authority to practice nondental anesthesiology under the *Dental Licensing Act* by virtue of the training received in dental school, it is not likely the Legislature would have amended the *Medical Practice Act* to limit

such authority to only those dentists who had completed a 3-year residency program. Moreover, the fact that the current authorization to practice nondental anesthesiology is given under an exception to the *medical* licensing requirement while the Dental Licensing Act remains unchanged suggests that a dental license does not now authorize, and has never authorized, the practice of medical anesthesiology. We therefore find SHB 1047, amending RCW 18.71-.030, to be a new grant of authority, enacted specifically in response to appellant's unusual situation. As a matter of fact, the legislative history of the amendment so indicates.

We further find that SHB 1047 does not expressly provide for retroactive application. Where a new enactment does not expressly provide for retroactive application, it should not be judicially implied. *Amburn v. Daly,* 81 Wn.2d 241, 246, 501 P.2d 178 (1972). *See also* 2 C. Sands, *Statutory Construction* § 41.01 (4th ed. 1973).

We are not unsympathetic with Dr. Everett's situation and are impressed with his outstanding qualifications; nevertheless, we must look at the dental licensing scheme as it relates to *all* dentists. Under that licensing scheme, appellant was engaged in a practice outside the limited scope of his dental license. The trial court is affirmed.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.