[No. 51224–8. En Banc. November 21, 1985.]

*In the Matter of the Marriage of* JAMES H. MACDONALD, *Respondent, and* JOAN C. MACDONALD, *Appellant.*

*Jacobs & Jacobs,* by *Tom Jacobs,* for appellant.

*DeMers & Thomson, Inc., P.S.,* by *Harrison H. DeMers,* for respondent.

DURHAM, J.—The primary issue raised in this appeal is if the Uniformed Services Former Spouses' Protection Act applies to the division of "military retired pay" in this dissolution decree. This decree was filed during the period in which *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981) prohibited the division of military retired pay, but was on appeal when the protection act, which allows the division of military retired pay, was enacted. We hold that the protection act does apply and we remand the case to the trial court for reconsideration.

The MacDonalds were married on December 24, 1964. During 15 of the 17 years of their marriage, the husband was in the Air Force. As a result, the couple moved often, living in both community property and common law jurisdictions. The husband retired from the military in 1980 and began receiving military retired pay. At the time of trial he was working as a project manager for a defense contractor. The wife was working part time as a real estate agent.

A decree of dissolution of their marriage was filed October 14, 1982. The wife was awarded custody of the two children, with the husband to pay child support payments of $400 per month per child. The wife also received spousal maintenance of $800 per month for 3 years. The family home, in which there was approximately $30,000 in equity, was awarded to the wife. The husband's military retired pay was awarded to the husband as his separate property based on *McCarty v. McCarty, supra,* which held that a state court may not divide military retired pay as community property. With few exceptions, the court divided the couple's personal property as they had divided it at the time they separated.

The trial court awarded attorney fees to the wife. However, it deducted $500 from this award to compensate the husband for extra attorney fees resulting from a continuance that was requested by the wife's attorney.

The wife appealed the amount of the award of child support and spousal maintenance, the division of the personal property, the amount of attorney fees and the award of the military retired pay to the husband. The appeal was transferred to this court by the Court of Appeals.

We first address the application of the protection act to this division of property. Since 1975 it has been clear that under state law, military retired pay may be characterized as community property and divided in a dissolution. *Wilder v. Wilder,* 85 Wn.2d 364, 366–67, 534 P.2d 1355 (1975). However, in June 1981 the United States Supreme Court held that federal law governing military retired pay preempted state domestic relations laws and prohibited the division of military retired pay as community property in a dissolution. *McCarty,* at 232–33. The trial court in this case followed *McCarty* when it awarded the military retired pay to the husband as his separate property.

On September 8, 1982, in response to widespread criticism of the result in *McCarty,* the protection act was signed into law. The effective date of the statute was February 1, 1983. Department of Defense Authorization Act, 1983, Pub.

L. No. 97–252, § 1006(a), 96 Stat. 737 (1982). This statute returns to the states the authority to determine if military retired pay is to be treated as the separate property of the service member or if it is to be treated as the community property of the service member and spouse. 10 U.S.C. § 1408(c) (1982). Appellant wife asks that this statute be applied on appeal to the property division in this case. Respondent husband argues that the statute should apply only to dissolution decrees filed after the effective date of the statute.

A statute is presumed to have prospective application only. *Everett v. State,* 99 Wn.2d 264, 270, 661 P.2d 588 (1983). However, there are exceptions to this rule and the intent of the legislative body enacting the statute is the primary guide in determining if a statute is to be given retroactive effect. *Lau v. Nelson,* 92 Wn.2d 823, 826, 601 P.2d 527 (1979).

Although the effective date of the protection act is February 1, 1983, language in the statute indicates that it was intended to have retroactive effect. 10 U.S.C. § 1408-(c)(1) states:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member *for pay periods beginning after June 25, 1981* [date *McCarty* filed], either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

(Italics ours.) In addition, the legislative history of the statute makes it clear that Congress intended to eliminate all effects of *McCarty* by allowing the state courts to modify decrees filed after *McCarty.* The Senate Report states:

> The provisions of S. 1814 reversing the effect of the *McCarty* decision are retroactive to June 26, 1981, the date on which the U.S. Supreme Court issued that decision. That is, the committee intends the legislation to restore the law to what it was when the courts were permitted to apply State divorce laws to military retired pay. Former spouses divorced in the interim period between the *McCarty* decision and the effective date of

this law will have the opportunity to return to court to have their decrees modified in light of this legislation. However, nothing in the bill would mandate payments out of retired pay which had been disbursed during the period between the date of the *McCarty* decision and the effective date of this legislation. The mechanism for direct payment of court orders for alimony, child support and property distribution would apply only to payments of retired pay for periods beginning on or after the effective date of this legislation.

S. Rep. No. 502, 97th Cong., 2d Sess. 5–6, *reprinted in* 1982 U.S. Code Cong. & Ad. News 1596, 1599–1600.

We have already determined that the protection act, rather than *McCarty,* applies to decrees filed prior to *McCarty* but on appeal during the period in which *McCarty* was decided and then overturned by the statute. *In re Marriage of Konzen,* 103 Wn.2d 470, 473–74, 693 P.2d 97 (1985); *In re Marriage of Smith,* 100 Wn.2d 319, 323–24, 669 P.2d 448 (1983). Here we extend this rule to decrees filed after *McCarty* which are currently on appeal. Courts from other jurisdictions which have considered this issue have reached the same result. *E.g., Walentowski v. Walentowski,* 100 N.M. 484, 672 P.2d 657 (1983); *Cameron v. Cameron,* 641 S.W.2d 210, 212–13 (Tex. 1982); *Griggs v. Griggs,* 107 Idaho 123, 125–27, 686 P.2d 68 (1984); *In re Marriage of Hopkins,* 142 Cal. App. 3d 350, 355–61, 191 Cal. Rptr. 70 (1983); *Coates v. Coates,* 650 S.W.2d 307, 309–10 (Mo. Ct. App. 1983); *Steczo v. Steczo,* 135 Ariz. 199, 200–01, 659 P.2d 1344 (Ct. App. 1983); *Chase v. Chase,* 662 P.2d 944, 945–46 (Alaska 1983); *Hartzell v. Hartzell,* 434 So. 2d 353, 354–55 (Fla. Dist. Ct. App. 1983); *Faught v. Faught,* 67 N.C. App. 37, 47–48, 312 S.E.2d 504 (1984). *Contra, Psomas v. Psomas,* 99 N.M. 606, 609, 661 P.2d 884 (1982), *overruled in Walentowski v. Walentowski, supra; Inzinna v. Inzinna,* 456 So. 2d 691, 693 (La. Ct. App. 1984). This result is necessary to promote the purposes of the statute and to avoid unfairness to the small group of litigants who would otherwise be treated differently based on the date on which their divorce decree was filed.

■ The husband's claim that such a result deprives him of property without due process as prohibited by the fifth amendment to the federal constitution and article 1, section 3 of the state constitution is without merit. Due process is violated if the retroactive application of a statute deprives an individual of a vested right. *Lynch v. United States*, 292 U.S. 571, 576–80, 78 L. Ed. 1434, 54 S. Ct. 840 (1934).

> A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title,* legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.*

*Godfrey v. State*, 84 Wn.2d 959, 963, 530 P.2d 630 (1975).

Based on the law as it existed at the time the husband filed for dissolution, he may have expected to be awarded his military retired pay, but this expectation in the continuance of existing law is not equivalent to a vested property right. Under state law, all property of a married couple, both separate and community, is subject to division by the court in a dissolution of their marriage. RCW 26.09.080. As between husband and wife while married, neither has a vested right to their property, nor does a trial court's division of property create a vested right. *Sparkman & McLean Co. v. Govan Inv. Trust*, 78 Wn.2d 584, 587, 478 P.2d 232 (1970). A court–ordered division of property is subject to appeal and under limited circumstances may be modified even after a decree is final. Until the appeal process is complete, property rights between husband and wife remain unsettled. Therefore, we remand with instructions to the trial court to reconsider the property division in light of the protection act.

■ The wife also appealed the trial court's award of spousal maintenance, child support, and the division of the MacDonalds' personal property. The trial court's factual findings as to the husband's earning capacity, the wife's earning capacity and the value of the personal property awarded to each were supported by substantial evidence

and will not be disturbed on appeal. *Goodman v. Darden, Doman & Stafford Assocs.,* 100 Wn.2d 476, 483, 670 P.2d 648 (1983). Absent erroneous factual findings, a trial court's award of spousal maintenance and child support or its equitable division of property will be overturned only if there has been a manifest abuse of discretion. *In re Marriage of Washburn,* 101 Wn.2d 168, 179–83, 677 P.2d 152 (1984). No abuse of discretion is present here. However, because the remand discussed above may alter the relative equities of the parties, the trial court may also reconsider all aspects of its decree.

The award of attorney fees in a dissolution is also within the discretion of the trial court's award. RCW 26.09.140. We find no abuse of discretion and affirm that award. The case is remanded to that court for proceedings consistent with this opinion.

DOLLIVER, C.J., UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, and CALLOW, JJ., and VERHAREN, J. Pro Tem., concur.