BARBARA SAPP BEROTH v. THORNTON J. BEROTH

No. 8621DC1269

(Filed 1 September 1987)

1. **Divorce and Alimony § 30— quitclaim deeds before separation—marital property**

  The trial court did not err by determining that quitclaim deeds executed by plaintiff wife in favor of defendant husband approximately one year before the separation were not gift deeds, that they represented properties acquired by the husband during the course of the marriage, and that they were therefore marital property.

2. **Divorce and Alimony § 30— quitclaim deeds—evidence and findings as to wife's knowledge of what she was signing—no error**

  There was no error in an equitable distribution action from the trial court's receiving evidence and making findings as to plaintiff wife's lack of knowledge about what she was signing when quitclaim deeds were executed before the separation because the evidence was not objected to and was immaterial in any event.

3. **Divorce and Alimony § 30— equitable distribution—failure to credit husband with reducing marital debt—no error**

  The trial court did not err in an equitable distribution proceeding by not crediting the husband with reducing the marital debt during the years of separation where the evidence was not clear as to who incurred the debt or how it was reduced. Furthermore, the court had found that an equal distribution was equitable and was not required to make findings of fact regarding liabilities and the other factors listed in N.C.G.S. § 50-20(c).

APPEAL by defendant from *Keiger, Judge.* Judgment entered 7 July 1986 in District Court, FORSYTH County. Heard in the Court of Appeals 8 June 1987.

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, Barbara C. Westmoreland, and Robin S. Boden, for plaintiff appellee.*

*David B. Hough for defendant appellant.*

PHILLIPS, Judge.

[1] Plaintiff and defendant married in 1957 and permanently separated in March, 1979. This action for divorce and equitable distribution was brought in May, 1983, and the divorce was granted on 14 August 1985. That same day, in anticipation of the final

equitable distribution award, a hearing was held on the effect of six quitclaim deeds that plaintiff executed in favor of the defendant approximately one year before they separated. Each of the quitclaims covered a tract of land formerly owned by the parties as tenants by the entirety and each stated that its purpose was to dissolve the entirety estate that theretofore existed. Following that hearing Judge Keiger determined that the quitclaim deeds were not gift deeds, that they represented properties acquired by the husband during the course of the marriage, and were therefore marital property under the provisions of G.S. 50-20(b)(1). At the later hearing on plaintiff's motion for equitable distribution Judge Keiger adopted his earlier findings of fact and conclusions of law, found that an equal division of the marital property was equitable, and entered a distributive order accordingly. In appealing defendant's primary contention is that the properties covered by the quitclaim deeds are not marital property because the tenancy by entirety that formerly existed was dissolved by the quitclaims. The contention is a *non sequitur*. Though the conveyances did dissolve the tenancy by the entirety in the parcels of land and vested title thereto solely in defendant, as G.S. 39-13.3(c) provides, he nevertheless acquired title to the property thereunder, not by gift, but during the course of the marriage and before the parties separated, and property so acquired, so the General Assembly has declared, is *ipso facto* marital property. G.S. 50-20(b)(1)(2); *Mims v. Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982). Thus, contrary to defendant's contention, dissolving the tenancy by entirety did not remove the property involved from the ambit of the Equitable Distribution Act and the trial judge did not err in finding and concluding otherwise. *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E. 2d 97 (1984) and *McArthur v. McArthur*, 68 N.C. App. 484, 315 S.E. 2d 344 (1984), relied upon by defendant, are irrelevant to this case; because each of those decisions turned upon the terms of a valid separation agreement that fully disposed of the property rights of the parties involved, whereas, in this case the tenancy by the entirety was dissolved and defendant became the sole title holder of the property unaccompanied by any agreement settling the parties' property rights. Nor are the circumstances of this case controlled by G.S. 52-10, which concerns contracts and releases between husband and wife, and there is a profound distinction between a conveyance and a contract or release.

[2] Defendant also contends, in essence, that the trial judge erred by receiving evidence about and making findings of fact as to plaintiff's lack of knowledge about what she was signing when the quitclaim deeds were executed. This evidence was not objected to and was immaterial in any event; for plaintiff did not plead fraud or seek to invalidate the instruments on the grounds that she did not understand their import or know what they contained, *Sisson v. Royster*, 228 N.C. 298, 45 S.E. 2d 351 (1947), and the thrust of the court's findings was that the conveyances were valid.

[3] Defendant finally contends that the trial court erred by not crediting him with reducing the marital debt during the years of the separation from March, 1979 until July, 1986, and by incorrectly adding the six parcels of quitclaimed land to the marital estate. The latter contention has already been overruled, and as to the former the evidence is not clear as to who incurred the marital debt or how it was reduced. Error is not presumed, it must be shown, *Key v. Woodlief*, 258 N.C. 291, 128 S.E. 2d 567 (1962), and that defendant has failed to do. Furthermore, having found that an equal division was equitable the court was not required to make findings of fact with regard to liabilities and the other factors listed in G.S. 50-20(c). *Lawing v. Lawing*, 81 N.C. App. 159, 344 S.E. 2d 100 (1986).

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.