[No. 7916-3-III.   Division Three.   November 5, 1987.]

CHELAN COUNTY, *Respondent,* v. JOHN WILSON, ET AL, *Appellants.*

*Craig Nelson* and *Clem, Nelson & Zanol, P.S.,* for appellants.

*Gary A. Riesen, Prosecuting Attorney,* for respondent.

GREEN, J.—This appeal involves interpretation of a Chelan County subdivision resolution, codified in Title 12 of the Chelan County ordinances.

The record shows that in 1967 Lynne and John Wilson purchased 400 acres of land in Olalla Canyon, Chelan County. The Wilsons divided the land into 16 parcels, of which 15 were sold prior to August 15, 1977, most by unrecorded real estate contracts.

On August 15, 1977, Chelan County adopted resolution 77–103, effective on that date, providing for the regulation of subdivisions in Chelan County. This ordinance was premised upon the public purpose set forth in RCW 58.17, the state regulatory scheme for the subdivision of property enacted by the 1969 Legislature. Generally, the Chelan County resolution applies to land divided for the purpose of sale into two or more parcels. Chelan County Code 12.04.010. The ordinance defines land as:

> all contiguous real property in one ownership, but not including parcels of record prior to the adoption of the resolution . . . A parcel shall be considered of record if recorded in the office of the county auditor and if the disposition of said parcel was in conformance to the subdivision regulation in force at the time of filing.

Chelan County Code 12.08.150.

Section 12.44.010 of the code requires that "[e]very subdivision of land into five or more parcels . . . shall proceed

in compliance with this chapter . . ." Exempted from compliance is "[a]ny division of land not containing a dedication . . . [of] at least forty acres . . .", Chelan County Code 12.44.020(B), or a division "not containing a dedication in which the smallest lot created by the division is at least twenty acres . . ." Chelan County Code 12.56.020(B). In effect, four sales of land between 20 and 40 acres are permitted before the act requires compliance. Upon a fifth sale, the resolution requires an application for subdivision approval, Chelan County Code 12.48.010, and submittal of a preliminary plat plan. Chelan County Code 12.48.020.

Prior and subsequent to the resolution's effective date, several of the contracts were forfeited by the Wilsons and the parcels were resold. These resales were effected without any change in the original boundaries and any revision of the Wilsons' pre–August 1977 subdivision of the property. The Wilsons did not at any time apply for a major subdivision or plat approval.

On August 8, 1985, the County commenced this action against the Wilsons alleging violation of the 1977 ordinance by reason of five sales of property subsequent to August 15, 1977. The County prayed that (1) the Wilsons be restrained from further subdivision sales and (2) the court enter a mandatory injunction compelling the Wilsons to comply with all provisions of the ordinance with regard to land previously subdivided and sold, including the construction of appropriate roadways.

The facts being undisputed, the parties agreed to have the matter heard on summary judgment. On May 22, 1986, the court determined the Wilsons had violated the subdivision ordinance. The court found the Wilsons had conveyed five or more parcels of property since August 15, 1977, and concluded:

1. In order to make a meaningful interpretation of the Chelan County Code dealing with subdivisions, Section 12.08.150 means all contiguous real property in one ownership of record and would govern all real property of record owned by the Defendants John and Lynne Wilson

as of August 15, 1977.

2. Unrecorded conveyances of property made by the Defendants John and Lynne Wilson prior to August 15, 1977 would not be effective to defeat the regulatory scheme provided in the Chelan County zoning Resolution since those parcels were not of record as of August 15, 1977.

3. The Chelan County subdivision regulations are applicable to any and all conveyances made by the Defendants John and Lynne Wilson after August 15, 1977.

Although the Wilsons had conveyed 15 parcels by contracts prior to the resolution's effective date, the court determined that the Wilsons remained the owners of "contiguous real property in one ownership . . . of record", under Chelan County Code 12.08.150, since the contracts were unrecorded. According to the court, upon the Wilsons' fifth conveyance after August 15, 1977, there was a violation of the ordinance.

The central issue presented on appeal concerns whether the court erred in determining that the Wilsons violated the subdivision resolution. The Wilsons contend the resolution was not designed for, nor does it contemplate the present facts, i.e., where property is sold prior to the subdivision resolution, but the sales are not recorded. We agree.

In support of its position, Chelan County argues that for purposes of the resolution, a division of land had not occurred prior to August 15, 1977, since the prior transfers were unrecorded. The County contends the Wilsons were owners of a contiguous parcel of land when the ordinance became effective. Thus, each subsequently recorded sale "became a division of land," and unless otherwise exempt, the Wilsons were required to meet the provisions of the subdivision law. While we recognize the County's need to regulate the subdivision of property, we do not agree with its contention that the Wilsons were owners of a contiguous parcel on August 15, 1977.

Prior to August 15, 1977, the effective date of the ordi-

nance, the Wilsons had, in fact, subdivided the Olalla Canyon property and had conveyed 15 of its 16 parcels, albeit through unrecorded real estate contracts. Upon the resolution's effective date, the land was not in one contiguous ownership, but was equitably owned by 15 landowners, subject only to a reversionary interest in the Wilsons in the event the purchaser defaulted. Although there were forfeitures after August 15, 1977, a meaningful reading of the ordinance does not require us to hold the subsequent resales were new divisions of land.

When the Wilsons' parcels were originally conveyed, there was no requirement the real estate contracts be recorded. The intention of the recording act is to require persons claiming an interest in real property to record such instrument as will give notice of their claims. *Bremerton Creamery & Produce Co. v. Elliott,* 184 Wash. 80, 93, 50 P.2d 48 (1935). Unrecorded conveyances of realty, however, are valid as between the parties. *Seattle Renton Lumber Co. v. United States,* 135 F.2d 989, 991 (9th Cir. 1943).

Furthermore, real estate contracts are clearly transfers of an equitable interest in property. *Bellingham First Fed. Sav. & Loan Ass'n v. Garrison,* 87 Wn.2d 437, 438–39, 552 P.2d 1090 (1976). In *Cascade Sec. Bank v. Butler,* 88 Wn.2d 777, 781, 567 P.2d 631 (1977), the court held that a vendee's interest in real estate is a "'substantial . . . valid and subsisting interest in property'". The vendee has the right to possession of the land, the right to control, the right to sue for trespass and may contest a suit to quiet title. *Cascade,* at 782. Thus, in the present case, each of the 15 contract vendees had an identifiable interest in the Olalla Canyon property, even if their interests were not recorded.

■■ We do not construe the intent of the resolution's drafters to be that land previously subdivided and parcels previously sold would, years later, expose a "developer" to a subsequently adopted ordinance, merely because the previous sales were unrecorded. To hold otherwise would require

us to apply the ordinance retroactively to the Wilsons.[1]
Statutes are presumed to have prospective application only.
*In re Marriage of MacDonald,* 104 Wn.2d 745, 748, 709
P.2d 1196 (1985); *Miebach v. Colasurdo,* 102 Wn.2d 170,
180–81, 685 P.2d 1074 (1984). The intent of the legislative
body enacting the statute is the primary guide in deter-
mining if the statute is to be given retroactive effect. *Lau v.
Nelson,* 92 Wn.2d 823, 826, 601 P.2d 527 (1979). Where a
retroactive application is not expressly provided for in the
statute, it should not be judicially implied. *Everett v. State,*
99 Wn.2d 264, 270, 661 P.2d 588 (1983).

Here, the resolution makes no express provision for the
statute's retroactive application, nor should one be implied.
The language of the resolution is consistently prospective in
nature. Chelan County Code 12.04.010 states that "[e]very
division of land for the purpose of lease, sale or transfer
into two or more lots . . . *shall proceed* in compliance with
this title." (Italics ours.) Likewise, Chelan County Code
12.04.040 requires improvements *to be* installed in con-
formance with the ordinance. Chelan County Code 12.08-
.010, the general definition section, specifically states that
"words used in the present tense shall include the future
. . ." Although the State Legislature had enacted RCW
58.17 in 1969, it was not until August 15, 1977, that Chelan
County adopted its own local ordinance. We decline to
apply this ordinance retroactively to the Wilsons.

In view of our holding, we find it unnecessary to address
the application of the statute of limitation or laches.

Accordingly, we reverse.

McINTURFF, C.J., and THOMPSON, J., concur.

---

[1]As the Wilsons point out, had they known that 10 years subsequent to their
purchase and subdivision of the land they would be subject to this ordinance,
their original selling price of the parcels would have been increased to allow them
to meet this subsequent financial obligation.