MARTHA G. ARMSTRONG v. IVAN O. ARMSTRONG

No. 235PA87

(Filed 2 June 1988)

**1. Divorce and Alimony § 30— equitable distribution—military pension—no constitutional violation**

Defendant in an equitable distribution action lacked standing to argue that Art. X, § 4 of the North Carolina Constitution violates the federally protected rights of married men to equal protection and due process in that property acquired by married men can be subject to equitable distribution while property acquired by women cannot. There was no indication in this case that any property acquired by the plaintiff-wife during the marriage was excluded from equitable distribution. N.C.G.S. § 50-20, N.C.G.S. § 50-21.

**2. Divorce and Alimony § 30— equitable distribution—military pension—not retroactive taking or taking without compensation**

A defendant in an equitable distribution action was not denied due process and equal protection in that subjecting his military pension to equitable distribution amounted to a retroactive taking or a taking without compensation. Defendant's acquisition of property during marriage but prior to the effective date of the Equitable Distribution Act does not mean that he also acquired a vested right in the law governing the disposition of property upon divorce. N.C.G.S. § 50-20, N.C.G.S. § 50-21, Art. I, § 19 of the North Carolina Constitution, Amendment XIV of the United States Constitution.

**3. Divorce and Alimony § 30— equitable distribution—written findings of fact required in every case**

The trial court erred in an equitable distribution action by not making findings of fact to support its equal division of the marital portion of defend-

ant's military retirement pay because written findings of fact are required in every case in which a distribution of marital properties is ordered under the Equitable Distribution Act. N.C.G.S. § 50-20.

**4. Divorce and Alimony § 30— equitable distribution—military pension—findings insufficient**

> The trial court did not make sufficient findings of fact in an equitable distribution action involving a military pension where evidence was presented concerning the relative incomes of the parties, their health, and other matters tending to show that an equal division would be inequitable. Once such evidence was introduced, it became necessary for the trial court to consider the factors set out in N.C.G.S. § 50-20(c) in determining an equitable property division and to make findings sufficient to address the statutory factors and support the division ordered.

ON discretionary review of a decision of the Court of Appeals, 85 N.C. App. 93, 354 S.E. 2d 350 (1987), which affirmed judgment entered by *Martin (James), J.*, on 23 July 1985 in the District Court, ONSLOW County. Heard in the Supreme Court on 10 February 1988.

*Merritt & Stroud, by Timothy E. Merritt, for the plaintiff-appellee.*

*Charles William Kafer, for the defendant-appellant.*

MITCHELL, Justice.

The defendant has brought forward several assignments of error and contends that, on the facts of this case, any application of the Equitable Distribution Act affecting his military retirement pension violates his rights to equal protection of the laws and due process, that the trial court failed to make adequate findings of fact when ordering an equal division of part of his pension as marital property, and that such equal division was not supported by the trial court's findings. We will address the defendant's arguments *seriatim*.

The evidence before the trial court tended to show that the plaintiff and defendant were married on 1 February 1951. Four children were born to the marriage. During the marriage, the defendant-husband served in the United States Marine Corps for seventeen years and eleven months. He retired from the Marine Corps on 31 January 1969. As a result of his military service, he receives military pension payments in the net amount of $750.87 per month.

The evidence tended to show that, after the defendant's retirement from the military, the plaintiff and defendant operated a service station for ten years. During that time, neither of them was paid a salary. Money earned from the operation of the service station was reinvested in the business. The evidence also tended to show that the parties later invested in and operated a Hertz Rent-A-Car franchise.

The parties separated on 1 April 1983, and the plaintiff's complaint seeking an absolute divorce and equitable distribution of marital property was filed on 14 May 1984. The defendant filed an answer and counterclaim.

The plaintiff testified that she was employed by the rental car agency and had a net monthly income of approximately $1,100. She had a total of $1,635 in her checking and savings accounts. The plaintiff testified that she also had certain debts on which she made monthly payments.

The defendant testified that he was unemployed. He also testified that his only source of income was his military retirement pay.

Evidence tended to show that both of the parties suffered from medical disorders. They stipulated that the defendant suffered from paranoid schizophrenia at the time of the trial. He had been hospitalized for his psychological disorders in 1978. A psychologist testified that it was questionable whether the defendant would be able to maintain full-time employment. The defendant also has a hearing disability necessitating the use of hearing aids in both ears, and his hand was injured at the time of trial.

The evidence also tended to show that the plaintiff suffered from medical problems. She had undergone bladder surgery three times, the last time being in 1979 or 1980. She had been advised that she might need additional surgery which would result in her wearing an external bladder device. The plaintiff testified that she suffered from a rare eye disorder which had caused her to lose her peripheral vision. She is required to have her eyes examined every three months.

On 14 November 1985, the trial court entered judgment granting an absolute divorce and ordering an equal division of all marital property. The trial court valued the parties' marital prop-

erty at $54,511.07 and concluded that it should be divided equally. The defendant's military retirement benefits were not included in this valuation. By separate findings and conclusions, the trial court determined that the defendant's military pension was marital property subject to equitable distribution. Pursuant to the parties' stipulation that the defendant's rights in eighty-seven percent of the military pension accrued during the marriage, the trial court awarded the plaintiff one-half of that amount, or forty-three and one-half percent of the monthly retirement benefits.

The defendant's motion for a new trial, or in the alternative for amendment of the judgment, was denied by the trial court in an order dated 27 February 1986. The defendant appealed to the Court of Appeals, which affirmed the trial court.

[1] The defendant first contends that Article X, section 4 of the Constitution of North Carolina violates the federally protected rights of married men to equal protection and due process. U. S. Const. amend. XIV. He argues that Article X, section 4 prevents property acquired by married women from becoming marital property subject to equitable distribution but does not contain similar protections as to property acquired by married men. The defendant contends that since Article X, section 4 lacks any such reciprocal protection, property acquired by married men can be subject to equitable distribution under the Equitable Distribution Act, N.C.G.S. §§ 50-20 and 50-21, while property acquired by married women cannot.

Article X, section 4 provides in pertinent part:

The real and personal property of any female in this State acquired before the marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled, shall be and remain the sole and separate estate and property of such female, and shall not be liable for any debts, obligations, or engagements of her husband, and may be devised and bequeathed and conveyed by her, subject to such regulations and limitations as the General Assembly may prescribe. . . .

We find it unnecessary to consider or decide any question relating to either the construction of this section proposed by the defendant or his argument that, so construed, it violates the Four-

teenth Amendment. Instead, we conclude that the defendant does not have standing to raise such issues in the present case.

The essence of the concept of standing is that no person is entitled to assail the constitutionality of a law or act unless it affects that person adversely. *See Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 358 S.E. 2d 372 (1987). Nothing in the record on appeal indicates that Article X, section 4 was applied in the present case. There is no indication that any property acquired by the plaintiff-wife during the marriage was excluded from equitable distribution pursuant to this section or for any other reason. To the contrary, the record clearly shows that Article X, section 4 did not adversely affect the defendant, since all property acquired by both parties during the marriage was determined to be marital property and was subjected to equitable distribution. Since the defendant has failed to show that his property was treated differently than the plaintiff's, he has failed to show that he has been or will be adversely affected by Article X, section 4. Therefore, he lacks standing to raise the issue of whether the section violates the Fourteenth Amendment. This assignment of error is overruled.

[2] The defendant next argues that the Equitable Distribution Act [hereinafter the Act], N.C.G.S. §§ 50-20 and 50-21, as applied by the trial court in the present case, denies him equal protection and due process in violation of the Fourteenth Amendment to the Constitution of the United States and Article I, section 19 of the Constitution of North Carolina. The defendant contends that subjecting his military pension to equitable distribution amounted to a retroactive application of the Act and a taking without compensation. His argument is premised on the facts that the Act did not exist at the time the parties married or at the time his military pension rights accrued. Additionally, the parties were separated before the Act was amended to make military pensions subject to equitable distribution. We conclude that the defendant was not denied any constitutional right by the trial court's application of the Act to all property acquired by the defendant during the marriage but before the separation.

In 1981, our legislature provided a framework for the equitable division of marital property upon divorce by enacting the Equitable Distribution Act, now codified as N.C.G.S. §§ 50-20 and

50-21. *See White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). In the Uniform Services Former Spouses' Protection Act [hereinafter USFSPA], Congress authorized the states, after 25 June 1981, to classify military retirement pay as either marital or separate property and to provide for direct payments to a former spouse who was married to the member for at least ten years while the member performed military service. 10 U.S.C. § 1408(c)(1) (1983). In response to this federal enactment, our legislature amended the Equitable Distribution Act to include within its definition of marital property "all vested pension and retirement rights, including military pensions eligible under the federal . . . [USFSPA]." N.C.G.S. § 50-20(b)(1) (1987). The amendment became effective 1 August 1983. 1985 N.C. Sess. Laws ch. 758, § 5.

By its terms, the Equitable Distribution Act becomes operative only after a husband and wife have separated and a claim for equitable distribution has been filed. N.C.G.S. § 50-21(a) (1987). The Act does not affect ownership of the spouses' property in any way during marriage. Nor does it prevent married persons from owning or disposing of property separately during the marriage, assuming no action seeking equitable distribution is pending. *See id.* With these principles in mind, we find meritless the defendant's claim that his rights to due process and equal protection were violated because the Act was applied retroactively and in a way which took his property without compensation.

Contrary to the defendant's arguments, the fact that he acquired property during marriage but prior to the effective date of the Act does not mean that he also acquired a vested right in the law governing the disposition of property upon divorce which was in effect either at the time the property was acquired or at the time of his marriage. There is no such thing as a vested right in the continuation of an existing law. *See Spencer v. McDowell Motor Co.*, 236 N.C. 239, 246, 72 S.E. 2d 598, 604 (1952); *see also Wood v. J. P. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979); *Byrd v. Johnson*, 220 N.C. 184, 16 S.E. 2d 843 (1941); 16 Am. Jur. 2d *Constitutional Law* § 675 (1979). Statutes providing for the division of property upon divorce are remedial in nature. The legislature may amend them, at least to the extent they apply to claims brought after the effective date of such amendments, without infringing constitutional principles. *See, e.g., Fournier v. Fournier*, 376 A. 2d 100 (Me. 1977); *In re Marriage of MacDonald*,

104 Wash. 2d 749, 709 P. 2d 1196 (1985). *See generally*, Lawrence J. Golden, *Equitable Distribution of Property*, § 3.03 (1983) [hereinafter Golden].

Based on the laws in effect at the time when the parties married, at the time when the defendant's pension rights accrued, and at the time the parties separated, the defendant may have expected that upon their divorce he would receive his full pension payments. His expectation of a continuance of existing law, however, did not amount to a vested property right. *MacDonald*, 104 Wash. 2d at 750, 709 P. 2d at 1199.

> A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; it *must have become a title*, legal or equitable, *to the present or future enjoyment of property, a demand, or legal exemption from a demand by another.*

*Godfrey v. State*, 84 Wash. 2d 959, 963, 530 P. 2d 630, 632 (1975), *quoted in MacDonald*, 104 Wash. 2d at 750, 709 P. 2d at 1199. Therefore, the adoption of the Act and the amendment in question did not affect a vested right entitled to protection from legislation. *See generally Gardner v. Gardner*, 300 N.C. 715, 268 S.E. 2d 468 (1980).

Further, the Act and the amendment were not applied retroactively in the present case. Although the defendant's right to his pension benefits had accrued fully in 1969, prior to the adoption of both the Act and the 1 August 1983 amendment to N.C.G.S. § 50-20 subjecting his pension to equitable distribution, the Act and amendment did not affect his property interests until the plaintiff's claim for equitable distribution was filed on 14 May 1984. N.C.G.S. § 50-21(a) (1987). This claim was filed well after both the Act and the amendment became effective. We do not view this as a retroactive application of the Act or of the amendment. As this action for divorce and equitable distribution was filed after the effective date of both the Act and the amendment thereto, the trial court only applied them prospectively. *See Addison v. Addison*, 62 Cal. 2d 558, 399 P. 2d 897, 43 Cal. Rptr. 97 (1965); *Rothman v. Rothman*, 65 N.J. 219, 320 A. 2d 496 (1974) (in dictum). *See generally* Golden, § 3.03.

Further, we do not believe that the legislature intended the Act to apply solely to property acquired on or after the effective date of the Act or its amendments. Were this construction adopted, the full effect of the Act would not be felt for at least a generation. *See generally* Golden, § 3.03. We conclude that there is no merit to the defendant's claim that he was denied due process and equal protection by the trial court's application of the Act and the amendment.

[3] By his last assignment of error, the defendant contends that the trial court's findings of fact in the present case did not support its equal division of the marital portion of his military retirement pay. We agree.

Our Court of Appeals has taken the position that under the Act, findings of fact are necessary only when the trial court concludes that an equal division of marital property is inequitable. *E.g., Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33, *cert. denied*, 313 N.C. 508, 329 S.E. 2d 393 (1985). However, N.C.G.S. § 50-20(j), which controls, provides the following:

In *any* order for the distribution of property made pursuant to this section, the court *shall* make written findings of fact that support the determination that marital property has been equitably divided.

(Emphasis added.) The plain language of the statute mandates that written findings of fact be made in *any* order for the equitable distribution of marital property made pursuant to N.C.G.S. § 50-20.

Where, as here, the terms of a statute are clear and unambiguous, there is no room for construction and courts must apply the terms according to their literal meaning. Therefore, we conclude that written findings of fact are required in every case in which a distribution of marital property is ordered under the Equitable Distribution Act. We expressly disapprove cases which have held that a trial court need not make findings of fact when marital property is equally divided. *E.g., Morris v. Morris*, 90 N.C. App. 94, 367 S.E. 2d 408 (1988); *Beroth v. Beroth*, 87 N.C. App. 93, 359 S.E. 2d 512, *disc. rev. denied*, 321 N.C. 296, 362 S.E. 2d 778 (1987); *Spence v. Jones*, 83 N.C. App. 8, 348 S.E. 2d 819 (1986); *Andrews v. Andrews*, 79 N.C. App. 409, 338 S.E. 2d

Armstrong v. Armstrong

809 (1986); *Weaver v. Weaver*, 72 N.C. App. 228, 324 S.E. 2d 915 (1985); *Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33 (1985).

[4] We turn now to the defendant's challenge to the sufficiency of the findings in the present case to support the equal division of the marital portion of the defendant's military retirement pay. In *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985), this Court concluded that an equal division of marital property is mandatory unless the trial court determines that an equal division would be inequitable. *Id.* at 776, 324 S.E. 2d at 832-33. The party seeking an unequal division bears the burden of showing, by a preponderance of evidence, that an equal division would not be equitable. *Id.* at 776, 324 S.E. 2d at 832. "Therefore, if no evidence is admitted tending to show that an equal division would be inequitable, the trial court *must* divide the marital property equally." *Id.* at 776, 324 S.E. 2d at 832-33. When, however, evidence is presented from which a reasonable finder of fact could determine that an equal division would be inequitable, the trial court is required to consider the factors set forth in N.C.G.S. § 50-20(c), "but guided always by the public policy expressed . . . [in the Act] favoring an equal division." *Id.* at 777, 324 S.E. 2d at 833. The trial court then must make findings and conclusions which support its division of marital property.

In the case at bar, the trial court made the following findings of fact and conclusions of law relevant to the division of the defendant's military pension:

8. That in addition to the above items of marital property, the parties also owned other items of marital property which are subject to distribution, to wit: a United States Marine Corps pension, checking and savings accounts, and a silver collection.

9. That the parties were married while the defendant served in the United States Marine Corps such as to entitle the plaintiff to receive 43.5% of the defendant's retirement pay, that is, $326.63 per month.

. . . .

CONCLUSIONS OF LAW

. . . .

4. That after consideration of the evidence presented and the factors enumerated in North Carolina General Statute 50-20, the Court concludes that an equal division of marital property is equitable.

. . . .

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED as follows:

. . . .

6. That the defendant shall pay or cause to be paid to the plaintiff the sum of $326.63 per month as her distributive share of the United States Marine Corps pension . . . .

After reviewing the findings of fact, we are unable to determine whether the trial court properly exercised its discretion by equally dividing the marital property portion of the defendant's military pension. Evidence presented concerning the relative incomes of the parties, their health and other matters tended to show that an equal division would be inequitable. Once such evidence was introduced, it became necessary for the trial court to consider factors set out in N.C.G.S. § 50-20(c) in determining an equitable property division. Although the trial court was not required to recite in detail the evidence considered in determining what division of the property would be equitable, it was required to make findings sufficient to address the statutory factors and support the division ordered.

"The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review 'to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law.'" *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E. 2d 593, 595 (1986) (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980)). When the findings and conclusions are inadequate, appellate review is effectively precluded. We do not imply that a trial court must make exhaustive findings regarding the evidence presented at the hearing; rather "the trial court should be guided by the same rules applicable to

actions for alimony *pendente lite, Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E. 2d 138 (1971), and to actions for child support, *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985), thus limiting the findings of fact to ultimate, rather than evidentiary facts." *Patton v. Patton*, 318 N.C. at 406-07, 348 S.E. 2d at 595.

In the case at bar, the trial court made sufficient findings as to the value of all of the marital property, including the military pension. However, it did not make findings as to the parties' incomes, liabilities or health. Findings as to these and other factors must be made and considered, when evidence concerning them is introduced, in determining whether marital property has been equitably divided. N.C.G.S. § 50-20(c)(1) (1987). Although the trial court specifically stated in its conclusions that it had considered "evidence presented and the factors enumerated in North Carolina General Statute 50-20" in ordering an equal division, this conclusion, even taken in conjunction with the trial court's findings of fact, does not provide this Court with the information necessary for appellate review. Since the judgment appealed from is not supported by sufficient findings of fact to permit appellate review, the decision of the Court of Appeals affirming the judgment is reversed. This case is remanded to the Court of Appeals for further remand to the District Court, Onslow County, for proceedings consistent with this decision.

Reversed and remanded.