FUSHA MAE STANLEY, PLAINTIFF v. BILL STANLEY, DEFENDANT

No. 9424DC522

(Filed 21 March 1995)

**1. Parent and Child § 37 (NCI4th)— retroactive child support—guidelines as basis—error**

In an action for retroactive child support, the trial court must calculate defendant's share of the monies actually expended by plaintiff for the care of the child during the relevant period rather than rely on the child support guidelines.

**Am Jur 2d, Parent and Child §§ 72-74.**

**Retrospective increase in allowance for alimony, separate maintenance, or support. 52 ALR3d 156.**

**2. Divorce and Separation § 117 (NCI4th)— equitable distribution—failure to classify property—error**

The trial court in an equitable distribution action erred in failing to classify the property as marital or separate and failing to value the property.

**Am Jur 2d, Divorce and Separation §§ 878 et seq.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

**3. Divorce and Separation § 112 (NCI4th)— equitable distribution—quitclaim deed executed after separation—no effect on distribution**

Where plaintiff executed a quitclaim deed after the parties' separation and the property was titled in both names on the date of separation, the quitclaim deed did not serve to withdraw the property from the marital estate, nor should it affect the distribution.

**Am Jur 2d, Divorce and Separation §§ 878 et seq.**

Appeal by defendant from judgment entered 23 November 1993 by Judge R. Alexander Lyerly in Mitchell County District Court. Heard in the Court of Appeals 11 January 1995.

Plaintiff and defendant married in December of 1972 and in June of 1973 plaintiff gave birth to their only child. The parties separated and attempted to divorce in 1981. At that time, plaintiff did not seek alimony or child support and quitclaimed her interest in Mine Creek Road property titled in both names. In 1991, the trial court declared the 1981 divorce null and void.

In December of 1990, plaintiff again filed for divorce. This time she sought custody of their seventeen-year-old daughter, retroactive child support, and an equitable distribution of all marital property. In her equitable distribution affidavit, she listed two pieces of real property, a checking account, and a savings account. The two pieces of real property included the Mine Creek Road property, which she reported had a fair market value of $22,000.00 on the date of separation, and the Bandana Road property, which she reported had a fair market value of $50,000.00 on the date of separation. The checking account contained joint funds of $1,000.00 and the savings account contained joint funds of $35,000.00 on the date of separation.

Defendant reported much of the same property in his equitable distribution affidavit. He indicated, however, that all property was his separate property acquired *after* the parties separated. Defendant claimed the property was acquired with separate funds and that, even though one piece of property was deeded in both names, plaintiff later quitclaimed it back to him. Defendant maintained the parties separated in 1973 just after the birth of their daughter, whereas plaintiff maintained, and the trial court found, that the parties separated in 1979.

On 23 November 1993, the trial court entered judgment. The court found defendant had not paid child support since 1981 and concluded that plaintiff was entitled to child support, as determined by the child support guidelines, for the three years preceding the action in the amount of $11,048.40. The court also concluded that plaintiff was entitled to one-half of the value of the bank accounts, or $5,000.00, one-half the value of the Mine Creek Road property, or $12,500.00, and one-half of the value of improvements to the Bandana Road property, or $6,000.00. Defendant appeals.

*Norris & Peterson, P.A., by Allen J. Peterson, for defendant appellant.*

*No brief for plaintiff appellee.*

ARNOLD, Chief Judge.

[1] Defendant presents three arguments on appeal. He first argues the trial court erred in awarding three years child support without evidence or findings of fact reflecting actual past expenditures in that amount. This Court addressed a similar argument in *Lawrence v. Tise*, 107 N.C. App. 140, 419 S.E.2d 176 (1992). In *Lawrence*, appellant contended the trial court erred in applying the child support guidelines to determine the non-custodial parent's retroactive child support obligation. We agreed, stating that "[r]etroactive child support is based on the non-custodial parent's share of the reasonable actual expenditures made by the custodial parent on behalf of the child." *Id.* at 151, 419 S.E.2d at 183. Rather than focusing on what the non-custodial parent should have paid under the guidelines, the trial court must focus on the "amount of monies actually expended by the custodial parent on the child." *Id.*

In this case, the judgment clearly shows the trial court based its award on the child support guidelines, rather than on reasonable actual expenditures. This was incorrect. On remand, the trial court must calculate defendant's share of the monies actually expended by plaintiff for the care of the child during the relevant period. In doing so, the "trial court must make specific factual findings to support" its award. *See Savani v. Savani*, 102 N.C. App. 496, 501, 403 S.E.2d 900, 903 (1991).

[2] Defendant next argues the trial court erred when it awarded $23,000.00 to plaintiff without determining (1) whether the property was marital, (2) whether an even distribution was equitable, (3) what

the fair market value of the property was, and (4) the effect of the factors in N.C. Gen. Stat. § 50-20(c) (1987). He contends the trial court's failure to make these determinations constitutes reversible error.

Any equitable distribution action involves the following analysis:

> The trial judge is required to conduct a three-stage analysis in order to equitably distribute the marital assets. He must first ascertain upon appropriate findings of fact, what is marital property; then determine the net market value of the marital property as of the date of separation; and finally, make an equitable distribution between the parties. The marital property is to be distributed equally, unless the court determines equal is not equitable.

*Willis v. Willis*, 86 N.C. App. 546, 550, 358 S.E.2d 571, 573 (1987) (citations omitted); *see also Nix v. Nix*, 80 N.C. App. 110, 341 S.E.2d 116 (1986). In this case, the judgment does not reflect that the trial court classified the property as marital or separate and the parties made no stipulations regarding classification. Classification was hotly contested by each party and complicated by the sale of defendant's separate property and subsequent use of those funds. Referring to the statutory definitions of separate and marital property, our case law, and evidence presented by the parties, the trial court must classify the property on remand. In doing so, the "[c]lassification of property must be supported by . . . appropriate findings of fact." *McIver v. McIver*, 92 N.C. App. 116, 127, 374 S.E.2d 144, 151 (1988).

After classifying the property, the court must determine the net value of all marital property as of the date of separation. *See Willis*, 85 N.C. App. 708, 355 S.E.2d 828. The judgment does not reflect that the trial court performed this vital step. In fact, the findings are silent on valuation. When arriving at a value, "[t]he trial court must make findings of fact, based upon competent evidence, to support its conclusions." *Nix*, 80 N.C. App. at 115, 341 S.E.2d at 119.

Because this matter must be remanded, we do not find it necessary to address defendant's remaining contentions under this argument. However, we strongly urge the trial court to consider all pertinent factors presented by the parties.

[3] Finally, defendant argues the trial court erred in failing to consider the effect of the 1980 quitclaim deed. Although he does not suggest what effect the deed should have, he argues that the court should have considered it in making its distribution.

In *Beroth v. Beroth*, 87 N.C. App. 93, 359 S.E.2d 512, *disc. review denied*, 321 N.C. 296, 362 S.E.2d 778 (1987), the trial court held a hearing to determine the effect of six quitclaim deeds on the equitable distribution action. The deeds, which applied to land formerly owned by the parties as tenants by the entireties, had been executed by the plaintiff one year before the parties separated. *Id.* Defendant argued the properties were not marital because the tenancy by entirety was dissolved by the quitclaim deeds. *Id.* The Court disagreed, stating that because the deeds were given to him before separation or during the marriage they were *ipso facto* marital property. *Id.* Furthermore, the Court made clear that quitclaim deeds did not have the effect of a release or separation agreement. *Id.* It stated that the circumstances of the case were not "controlled by G.S. 52-10, which concerns contracts and releases between husband and wife" as "there is a profound distinction between a conveyance and a contract or release." *Id.* at 94, 359 S.E.2d at 513.

The quitclaim deed, executed after the parties separated, did not serve to withdraw the property from the marital estate, nor should it affect the distribution. In any equitable distribution action the trial court works with property existing at the date of separation. Here, the quitclaim deed had not yet been executed and the property was titled in both names on the date of separation.

Because of errors in both the child support and equitable distribution portions of the judgment, this case must be reversed and remanded. On remand, the trial court should make more detailed findings and, if necessary, gather additional evidence.

Reversed and remanded.

Judges JOHNSON and MARTIN, MARK D., concur.