RAEFORD J. HEATH, Plaintiff v. BARBARA GAYLE HEATH, Defendant

No. COA98-78

(Filed 5 January 1999)

## 1. Divorce— equitable distribution—findings

An equitable distribution judgment containing distributive awards regarding pension plans was remanded where the judgment contained no finding of fact supported by evidence in the record that an in-kind distribution would be impractical and did

not reflect any basis for the distributive awards other than a stipulation discussed below. N.C.G.S. § 50-20(e).

**2. Divorce— equitable distribution—distributive award—stipulation—invalid**

In an equitable distribution judgment involving distributive awards of pension plans, the stipulation to distributive awards set out in the judgment was unsupported in the record, failed to conform with the safeguards enunciated by the Court of Appeals in equitable distribution cases, and was ignored by the party in the position of defending the judgment; therefore, no stipulation authorized the trial court's distributive awards of the pension plans.

Appeal by plaintiff from equitable distribution judgment and order filed 13 June 1997 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 24 September 1998.

*Dotson and Kirkman, by Marshall F. Dotson, III and Tracey G. Tankersley, for plaintiff-appellant.*

*Winfree and Winfree, by Charles H. Winfree, for defendant-appellee.*

JOHN, Judge.

Plaintiff appeals the trial court's equitable distribution judgment. He contends the court erred by: 1) awarding defendant distributive awards from certain retirement accounts, 2) valuing and distributing a defined benefit pension plan, 3) considering child support payments in reaching its equitable distribution determination, and 4) awarding an unequal distribution of the parties' marital property. For the reasons stated herein, we vacate the judgment of the trial court and remand for entry of a new judgment.

In view of our disposition, a detailed recitation of the facts is unnecessary. The "Judgment and Order of Equitable Distribution" (the judgment) at issue was "entered nunc pro tunc as of February 14, 1997." Five of plaintiff's seven subsequent assignments of error to the judgment challenge the trial court's valuation and distribution of three retirement benefit plans (the pension plans).

[1] Regarding the pension plans, the judgment contained the "specific" finding "that the parties [had] stipulated to the division of [the] employment-related benefits" in the manner directed therein by the

trial court. Notwithstanding, plaintiff challenges the court's distribution of the benefits in accordance with the purported stipulation.

In particular, plaintiff cites N.C.G.S. § 50-20(e) (1995) as establishing a presumption favoring an in kind distribution of marital property, and this Court's decision in *Brown v. Brown*, 112 N.C. App. 15, 434 S.E.2d 873 (1993), as requiring

> a finding by the [trial] court that "an equitable distribution of all or portions of the marital property in kind would be impractical"

*id.* at 19, 434 S.E.2d at 877, in order to "overcome" the in kind distribution presumption and permit a distributive award, *id.*

We believe plaintiff reads G.S. § 50-20(e) and the mandate of *Brown* correctly. The judgment *sub judice* contains no finding of fact, supported by evidence in the record, that an in kind distribution would be impractical, nor, save for the purported stipulation (as discussed below), does the judgment reflect any basis for the distributive awards entered therein. *See Sonek v. Sonek*, 105 N.C. App. 247, 252, 412 S.E.2d 917, 920, *disc. review allowed*, 331 N.C. 287, 417 S.E.2d 255 (1992) (noting that G.S. § 50-20(e) also "permits a distributive award in order 'to facilitate, effectuate or supplement a distribution of marital property,' " this Court observed that "[n]o North Carolina court has held that distributive awards are authorized only when a distribution in kind is impractical").

Accordingly, we must order the judgment containing distributive awards unsupported by findings of fact vacated and this matter remanded for entry of judgment not inconsistent with our opinion herein. On remand, the trial court shall rely upon the existing record, but may in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with the instant opinion. *See Smith v. Smith*, 111 N.C. App. 460, 505, 433 S.E.2d 196, 223, *disc. review denied*, 335 N.C. 177, 438 S.E.2d 202 (1993).

[2] Prior to concluding, we observe that the stipulation found as fact in the instant judgment would ordinarily obviate the necessity for the further findings of fact by the trial court ordered herein. *See* 2 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 198, at 22-24 (5th ed. 1998) (stipulation is not itself evidence, but rather "removes the admitted fact from the field of evidence by formally conceding its existence"). However,

[i]n equitable distribution actions, our courts favor *written stipulations* which are duly executed and acknowledged by the parties. *Oral stipulations*, however, are binding if the record affirmatively demonstrates: (1) the trial court read the stipulation terms to the parties, and (2) the parties understood the effects of their agreement.

*Fox v. Fox*, 114 N.C. App. 125, 132, 441 S.E.2d 613, 617 (1994) (citations omitted) (emphasis in original).

The sole written stipulation which appears in the record regarding the pension plans is found at Schedule C of the Pre-Trial Order. The pension plans are identified and valued thereon—under the heading "Agree on Value; Disagree on Ownership"—as follows:

| | |
|---|---|
| UPS Teamsters Pension Plan (Present value calculation) | $167,503.00 |
| UPS 401(k) | $ 9,908.00 |
| UPS Thrift Plan | $ 72,000.00. |

Nothing is contained on the Schedule or any other document in the record purporting to set forth the parties' stipulation as to distribution of the pension plans.

In addition, close review of the transcript of proceedings reflects no mention of an oral stipulation corresponding to the trial court's finding of fact, and certainly no examination of the parties by the trial court as directed by *Fox*. Finally, we consider it significant that, in responding to plaintiff's arguments, defendant asserts no reliance upon the stipulation referenced in the judgment.

In short, the stipulation to distributive awards set out in the judgment is unsupported in the record, fails to conform with the safeguards enunciated by this Court regarding stipulations in equitable distribution cases, *see Fox*, 114 N.C. App. at 132, 441 S.E.2d at 617, and is no way relied upon, indeed is ignored, by the party in the position of defending the judgment. We must therefore conclude that no stipulation authorized the trial court's distributive awards of the pension plans. *See Byrd v. Owens*, 86 N.C. App. 418, 423, 358 S.E.2d 102, 105-06 (1987) (stipulation in record invalid where "record does not affirmatively reflect that the parties understood the legal effect of their stipulation").

As any remaining assignments of error appear unlikely to recur on remand, we decline to discuss them.

Vacated and remanded.

Judges MARTIN, Mark D., and McGEE concur.

Judge MARTIN, Mark D. concurred prior to 4 January 1999.