DEBORAH W. HAY, Plaintiff v. EDWARD C. HAY, JR., Defendant

No. COA 01-187

(Filed 19 February 2002)

## 1. Divorce— equitable distribution—post-separation mortgage payments—distributional factor

The trial court did not err by failing to give an equitable distribution defendant a dollar for dollar credit for post-separation mortgage payments and did not overrule an earlier judge where the earlier judge's order requiring continuation of the payments did not state an intent to grant a credit, that judge was without authority to conclusively determine equitable distribution matters on the issues before him, and the second court had discretion to consider payments made to preserve the marital estate as a distributional factor rather than giving defendant a credit. N.C.G.S. § 50-20(c)(11a).

## 2. Divorce— equitable distribution—post-separation mortgage payments—appreciation not divisible property

The trial court did not err in an equitable distribution action by not considering post-separation mortgage payments as divisible property. Appreciation resulting from the activities or actions of one spouse is not treated as divisible property under N.C.G.S. § 50-20(b)(4)a, and it was within this trial court's discretion to treat post-separation mortgage payments made to preserve the marital estate as a distributional factor. Moreover, defendant's mortgage payments have not increased the marital debt, financing charges, or interest on the marital debt and N.C.G.S. § 50-20(b)(4)d has no application.

## 3. Divorce— equitable distribution—debts paid during separation—property to be divided

The trial court did not err in a equitable distribution action in its treatment of debts incurred during the marriage and paid by defendant following the separation. The trial court in its discretion properly considered the debts as property to be divided, taking into account as a distributional factor defendant's payments. The law simply requires that the marital debt be valued and distributed; the manner in which the court elects to apportion those debts is within its sound discretion.

## 4. Divorce— equitable distribution—unequal division—debts—consideration of

The trial court did not abuse its discretion in an equitable distribution action in its unequal division of the marital estate where the debts and mortgage payments to which defendant pointed in arguing that he did not receive an unequal division in his favor are merely factors the court considered in determining an equitable distribution, and are not valued for purposes of determining the net marital estate to be divided.

Appeal by defendant from judgments entered 3 July 2000, 19 July 2000 and 16 August 2000 by Judge Danny E. Davis in Buncombe County District Court. Heard in the Court of Appeals 6 December 2001.

*Kelly & Rowe, P.A., by E. Glenn Kelly, for plaintiff-appellee.*

*Robert E. Riddle, PA, by Robert E. Riddle, for defendant-appellant.*

HUNTER, Judge.

Edward C. Hay, Jr. ("defendant") appeals from an equitable distribution judgment, amended equitable distribution judgment, and a second amended equitable distribution judgment awarding an unequal division of the marital estate in defendant's favor. For reasons stated herein, we affirm the judgments of the trial court.

Defendant and Deborah W. Hay ("plaintiff") were married on 6 August 1972. Three children were born of the marriage. On 17 July 1997 the parties separated, and on 9 September 1998 the parties were divorced. On 7 January 1998, plaintiff filed a complaint seeking alimony, temporary and permanent post-separation support, attorney's fees, writ of possession, equitable distribution, child custody, and child support. The issues of child support and custody, post-separation support, writ of possession and attorney's fees were heard on 17 April 1998 and are not a part of this appeal. Plaintiff's claim for equitable distribution was not heard on that date.

Following the hearing, the trial court entered an order on 23 April 1998 in which it stated that defendant "shall make the monthly mortgage payments of $1,900 on the marital home." Upon defendant's motion to amend the order, the trial court entered an order on 29 June 1998 in which it noted that "[t]he court did not intend the obligation to continue the mortgage payment to be in the nature of child support nor as postseparation support and to avoid any confusion at the time of equitable distribution should clear up this ambiguity." The trial court ordered that defendant should make the monthly mortgage payments ". . . 'in order to preserve the marital estate.' "

Plaintiff's claim for equitable distribution was heard on 1 June 2000, and the trial court entered judgment on 3 July 2000. The trial court made extensive findings of fact regarding the assets and liabilities of the parties, including that defendant had continued to pay the monthly mortgage payments on the marital home following the parties' separation. The trial court concluded the marital property should be divided in favor of defendant and awarded defendant $111,684.32 in marital property, and awarded plaintiff $92,362.18 in marital property. The trial court then assessed the marital debts, and assigned $28,215.00 of the debts to defendant and $16,000.00 to plaintiff. The trial court noted defendant had paid three of the debts assigned to him, and that this fact was considered as a distributional factor.

HAY v. HAY

[148 N.C. App. 649 (2002)]

Defendant filed a motion for a new trial or amendment of the judgment on 10 July 2000. On 19 July 2000, the trial court entered an amended equitable distribution judgment wherein it amended one finding of fact unrelated to this appeal. On 4 August 2000, defendant's motion for new trial or amendment of the judgment was heard. The trial court entered a second amended equitable distribution judgment on 16 August 2000 which attempted to clarify the debt distributed to the parties. The trial court amended its findings of fact to remove from defendant's list of debts assigned to him those debts which he had paid. The trial court noted that defendant's payment of the debts was either considered as a distributional factor or the amount of the debts was deducted from assets distributed to him. The trial court made adjustments accordingly in the amount of marital property distributed to each party, awarding plaintiff $91,162.18 of the marital property, and defendant $110,484.32. Defendant appeals.

Defendant brings forth four assignments of error on appeal: (1) the trial court erred in failing to award defendant a dollar for dollar credit of the total sum of monthly mortgage payments which defendant paid post-separation; (2) alternatively, the trial court erred in failing to treat the payments and the depreciation in the mortgage balance as divisible property; (3) the trial court erred in treating the marital debts paid by defendant as distributional factors as opposed to marital property to be divided; and (4) the trial court erred in failing to order an unequal division of the assets in defendant's favor after finding that an unequal division in his favor would be equitable.

Initially, we note "the trial court is vested with wide discretion in family law cases, including equitable distribution cases." *Wall v. Wall*, 140 N.C. App. 303, 307, 536 S.E.2d 647, 650 (2000). "Thus, a trial court's ruling 'will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* (citation omitted).

[1] Defendant first argues the trial court erred in failing to give him a dollar for dollar credit for his monthly mortgage payments following the parties' separation. Specifically, defendant maintains the trial court's failure to do so was a failure to follow the mandate of the order regarding child support and post-separation support and resulted in one trial judge overruling another. In the alternative, defendant argues the trial court should have at least treated the payments and the decrease in the mortgage balance as divisible property. We disagree with both arguments.

We first reject defendant's argument that the trial court effectively overruled a prior ruling of another trial court when it failed to give defendant a dollar for dollar credit for post-separation mortgage payments, but instead considered the payments as a distributional factor. The original trial court order regarding child support and post-separation support ordered defendant to make monthly mortgage payments of $1,900.00 on the marital home. The trial court thereafter entered an amended order to clarify this issue, stating that "[t]he court did not intend the obligation to continue the mortgage payment to be in the nature of child support nor as postseparation support." It entered a clarification which ordered defendant to pay the mortgage ". . . 'in order to preserve the marital estate.' "

Nowhere in the original order or amended order did the trial court state its intent that defendant receive a dollar for dollar credit for such payments. Nor will we read such an intent into the trial court's order, particularly where the trial court was without authority to conclusively determine issues pertaining to equitable distribution when the matters before it were child support and custody, post-separation support, writ of possession and attorney's fees. The trial court which subsequently considered plaintiff's motion for equitable distribution was in no way bound by the decision regarding child support and post-separation support in making its determination of an equitable distribution. We therefore do not interpret the trial court's equitable distribution judgment as overruling the prior order.

Moreover, the trial court had discretion to consider defendant's payments ". . . 'to preserve the marital estate' " as a distributional factor, as opposed to giving defendant a credit. N.C. Gen. Stat. § 50-20(c)(11a) (1999) plainly states that in distributing the marital property, the court shall consider "[a]cts of either party to maintain, preserve, develop, or expand . . . the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution." N.C. Gen. Stat. § 50-20(c)(11a). "Payment by one spouse on a marital home mortgage after the date of separation is a factor appropriately considered by the trial court under G.S. 50- 20(c)(11a) and (c)(12) in determining what division of marital property is equitable." *Fox v. Fox*, 103 N.C. App. 13, 21, 404 S.E.2d 354, 358 (1991) (rejecting defendant's argument that he was entitled to credit for mortgage payments on marital home and for taxes and insurance on home).

This Court has recently reiterated that post-separation payments on marital debts may be treated as a distributional factor. *Khajanchi*

HAY v. HAY

[148 N.C. App. 649 (2002)]

*v. Khajanchi*, 140 N.C. App. 552, 564, 537 S.E.2d 845, 853 (2000). Further, "even if post-separation debt payments are treated as a distributional factor, the trial court may, in its discretion, choose to give no weight to that particular factor." *Id.* We held in *Khajanchi* that the trial court was well within its discretion in treating the defendant's post-separation mortgage payments and payments on other marital debts as a distributional factor. *Id.*; *see also Wall*, 140 N.C. App. at 313, 536 S.E.2d at 653-54 (trial court did not abuse discretion in treating post-separation mortgage and other payments required to maintain marital property as distributional factor to which it gave little weight); *Miller v. Miller*, 97 N.C. App. 77, 80-81, 387 S.E.2d 181, 184 (1990) (rejecting plaintiff's argument that he was entitled to credit for post-separation mortgage payments; such payments are properly considered as distributional factors under N.C. Gen. Stat. § 15-20(c)).

**[2]** By his second argument, defendant contends in the alternative that the trial court should have at least considered the payments made and the decrease in the mortgage debt as divisible property under N.C. Gen. Stat. § 50-20(b)(4) (1999). He argues that his mortgage payments resulted in an appreciation in the value of the marital property, and should therefore fall within the following category of divisible property:

> All appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of separation and prior to the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property.

N.C. Gen. Stat. § 50-20(b)(4)a. We likewise reject this argument.

The Equitable Distribution Act was amended in 1997 to include this category of "divisible property" in an effort to equitably account for post-separation events. *Khajanchi*, 140 N.C. App. at 556, 537 S.E.2d at 848. Although the issues in *Khajanchi* were decided under pre-1997 law, we noted:

> As a result of those amendments, the trial courts were directed to classify, value and distribute certain real and personal property received after the date of separation, including the appreciation and diminution in the value of marital property, passive income from marital property, and certain increases in marital debt.

HAY v. HAY

[148 N.C. App. 649 (2002)]

*Id.* However, under the plain language of N.C. Gen. Stat. § 50-20(b)(4)a, appreciation that results from the activities or actions of one spouse is not treated as divisible property. Therefore, assuming defendant's mortgage payments resulted in an appreciation in the value of the marital home, it was the result of his actions, and any resulting appreciation does not fall within the category of "divisible" property as defined by N.C. Gen. Stat. § 50-20(b)(4).

It is not clear from the plain language of N.C. Gen. Stat. § 50-20(b)(4) how the legislature intends for trial courts to treat property falling within the subsection (a) "actions or activities of a spouse" exception. For instance, such property cannot constitute separate property, as it does not fit within the definition of separate property as set forth in N.C. Gen. Stat. § 50-20(b)(2). What is clear, however, is that the law affords trial courts wide discretion in determining how to treat post-separation mortgage payments by one spouse. As discussed above, a trial court may treat such payments as a distributional factor. *See* N.C. Gen. Stat. § 50-20(c)(11a); (12). A trial court may also give the payor a dollar for dollar credit in the division of the property, or require that the non-payor spouse reimburse the payor for an appropriate amount. *See Loving v. Loving,* 118 N.C. App. 501, 505-06, 455 S.E.2d 885, 888 (1995). Our legislature has not expressed a preference for one particular method of treatment. In the present case, it was within the trial court's discretion to treat defendant's post-separation mortgage payments to preserve the marital estate as a distributional factor.

Moreover, defendant's argument that the payments are divisible property within the meaning of N.C. Gen. Stat. § 50-20(b)(4)d, defining such property as "[i]ncreases in marital debt and financing charges and interest related to marital debt" is also without merit. Defendant's mortgage payments have not increased the marital debt, financing charges, or interest on the marital debt. This provision therefore has no application to this issue. These assignments of error are overruled.

[3] In his third argument, defendant argues the trial court erred in failing to treat some of the marital debts as marital property to be divided, instead treating the debts solely as distributional factors. He contends the trial court neglected to properly value and distribute three debts incurred during the marriage—Wachovia Visa, Citibank, and Colorado College—which defendant paid following the parties' separation. We disagree.

" 'The court has the discretion, when determining what constitutes an equitable distribution of the marital assets, to also apportion or distribute the marital debts in an equitable manner.' " *Smith v. Smith*, 111 N.C. App. 460, 510, 433 S.E.2d 196, 226 (1993) (citation omitted), *reversed in part on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994). "The manner in which the court distributes or apportions marital debts . . . is a matter committed to the discretion of the trial court." *Id.*

As with the post-separation payment of a mortgage debt, the trial court has discretion to consider the post-separation payment of credit card debts as a distributional factor. *See* N.C. Gen. Stat. § 50-20(c)(12); *Khajanchi*, 140 N.C. App. at 564, 537 S.E.2d at 853. In *Khajanchi*, we noted that "the trial court had discretion to treat defendant's post-separation payments of the Hallmark debt, the mortgage payments, the car payments, and other marital debts as distributional factors." *Id.* As previously noted, the trial court also has discretion to give a dollar for dollar credit to the post-separation debt payor or to require reimbursement from the non-payor spouse. *See Loving*, 118 N.C. App. at 505-06, 455 S.E.2d at 888.

The trial court's judgment in the case *sub judice* reveals it properly treated the marital debts as property to be divided, taking into account as a distributional factor that defendant had already paid some of the debts. In its original judgment, the trial court added all of the marital assets and determined their total value to be $204,046.50. It then listed and totaled all of the marital debts. The trial court proceeded to divide the marital assets between the parties, noting that an unequal distribution of property in favor of defendant was equitable. The trial court gave plaintiff $92,362.18 of the marital assets, and defendant $111,684.32 in marital assets. The trial court then divided all of the marital debts, with the majority of debt going to defendant. The trial court noted, however, that three of the debts assigned to defendant had been paid by him since the date of separation, and that this fact was considered by the trial court as a distributional factor. Therefore, it properly considered the decrease in the marital debts by virtue of defendant's payments. The Wachovia Visa, Citibank, and Colorado College debts were nonetheless valued and listed under the category of marital debts assigned to defendant.

Following the 4 August 2000 hearing on defendant's motion for new trial or amendment of the judgment, the trial court entered its second amended equitable distribution judgment in an effort to clarify its treatment of the debts. The trial court's original finding of

HAY v. HAY

[148 N.C. App. 649 (2002)]

the total value of all marital debts, including the Wachovia Visa, Citibank, and Colorado College debts remained unchanged. Therefore, it is clear from both the trial court's original judgment and second amended judgment that it treated those debts as divisible property, in that they were classified as part of the marital debts to be distributed.

However, in its second amended judgment, the trial court did not list the paid debts in its finding of debts to be distributed to defendant, but stated instead that debts which defendant had paid were either subtracted from the assets distributed to him, or the fact that defendant paid them was considered as a distributional factor. The trial court was well within its discretion to treat defendant's post-separation payment on the marital debts in this manner.

As part of this argument, defendant further contends the trial court did not consider the debts as marital property because it treated them separately and failed to include them in the "net marital estate." During the 4 August 2000 hearing on defendant's motion for new trial or amendment of the judgment, the trial court explained that it elected to first value and distribute all marital assets, and second, to value and distribute all marital debts. We see no reason why the trial court cannot account for and distribute the marital assets in one step, then account for and distribute the marital debts in a second step, so long as all marital property and debts are being valued and distributed in a manner which the court determines to be equitable. The law simply requires that the marital debt be valued and distributed; the manner in which the trial court elects to apportion those debts is within its sound discretion. *See Smith*, 111 N.C. App. at 510, 433 S.E.2d at 226. These arguments are overruled.

[4] By his fourth assignment of error, defendant claims the trial court erred in failing to order an unequal division of the marital estate in favor of defendant after it found an unequal division in his favor would be equitable. We likewise reject this argument. In finding of fact number eleven, the trial court did find that an unequal division of the marital property in favor of defendant would be equitable. The trial court did, in fact, award an unequal division of the marital property in defendant's favor. In its second amended judgment, defendant received $110,484.32 of the marital property after the trial court subtracted $2,400.00 in marital debt assigned to defendant. Plaintiff received $91,162.18 of the marital property and $7,400.00 in debt. Although defendant argues he did not receive an unequal division in his favor considering the debts and mortgage payments which the

court properly considered as distributional factors, such factors are merely items which the court considers in determining an equitable distribution, and are not valued for purposes of determining the net marital estate to be divided. *See* N.C. Gen. Stat. § 50-20(c).

Moreover, the fact that the final judgment was not significantly in defendant's favor does not constitute an abuse of the trial court's discretion. As the trial court noted at the 4 August 2000 hearing, although the unequal division was probably not to the extent desired by defendant, "it's not overwhelming in [defendant's] favor . . . . It's not overwhelming in [plaintiff's] favor . . . . [I]t was a little more in his favor . . . but not a great deal." We discern no abuse of discretion in the trial court's judgment.

Finally, defendant includes in his heading to argument two in his brief the statement that the trial court erred in failing to include as divisible property the fair market rental value of the marital residence. However, defendant fails to set forth any argument or authority in support of this assertion, and it is therefore deemed abandoned. N.C.R. App. P. 28(b)(5).

Affirmed.

Judges McGEE and BRYANT concur.