SHERRIE R. URCIOLO, Plaintiff v. MICHAEL J. URCIOLO, Defendant

No. COA03-1561

(Filed 21 September 2004)

**1. Divorce— equitable distribution—valuation—fair market value**

The trial court did not err in an equitable distribution case by its valuation of a 1995 Harley-Davidson motorcycle, because the trial court's findings on the fair market value of the motorcycle are supported by the evidence in the record and are binding on appeal.

**2. Divorce— equitable distribution—marital property—presumption of in-kind distribution—liquid assets**

The trial court erred in an equitable distribution case by requiring defendant husband to pay plaintiff wife $25,000, because: (1) there was insufficient evidence to rebut the presumption that an in-kind distribution of marital property is equitable, N.C.G.S. § 50-20(e); and (2) there were insufficient findings as to whether defendant possessed the liquid assets to satisfy the award.

Appeal by defendant from judgment entered 21 May 2003 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 2 September 2004.

*Hedahl & Radtke Family Law Center, by Debra J. Radtke for plaintiff-appellee.*

*Cooper, Davis & Cooper, Attorneys at Law, by William R. Davis for defendant-appellant.*

STEELMAN, Judge.

Defendant, Michael J. Urciolo, appeals from a judgment of equitable distribution. For the reasons discussed herein, we affirm in part and reverse and remand in part.

Plaintiff, Sherrie R. Urciolo, and defendant were married on 19 September 1986 and separated on 5 October 1997. No children were born of the marriage. Plaintiff filed a complaint seeking the equitable distribution of marital property. The case was tried on 18 February 2003. Judge Keever entered judgment on 21 May 2003, which con-

cluded that an equal division of marital property was equitable, and made distribution of the marital property.

We note that trial courts are accorded great discretion in determining the equitable distribution of marital property. This discretion will not be upset on appeal absent clear abuse. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Therefore, in order to reverse the trial court's equitable distribution judgment on appeal, it must be found that it was unsupported by the evidence. *Id.*

[1] In defendant's first assignment of error, he argues the trial court's valuation of a 1995 Harley-Davidson Motorcycle was incorrect. We disagree.

The trial court's findings of fact pertinent to this assignment of error are as follows:

> 11. The 1995 Harley Davidson motorcycle was purchased in May of 1997 several months before the separation. The purchase price was $16,450.00 and the parties did make some customized additions to the motorcycle at the time of purchase. They also added a carburetor after the purchase. The NADA value of this motorcycle on the date of separation was $13,310.00 but does not consider customized additions or carburetors and monies paid down on the vehicle. The mortgage balance on the date of separation was $14,498.00. The motorcycle had a least same value as the purchase price of $16,450.00 leaving the equity on the date of separation of $1,952.00. The Plaintiff maintained this vehicle after the date of separation and has made payments on the loan.

The trial court's conclusions of law pertinent to this assignment of error are as follows:

> 6. All right, title and interest in the 1995 Harley Davidson motorcycle . . . is hereby transferred to Plaintiff and Plaintiff is awarded sole ownership of that property. Plaintiff shall be solely responsible for the debt, taxes and insurance owed thereon and shall hold Defendant harmless from said debt.

"In appellate review of a bench equitable distribution trial, the findings of fact regarding value are conclusive if there is evidence to support them, even if there is also evidence supporting a finding otherwise." *Crutchfield v. Crutchfield*, 132 N.C. App. 193, 197, 511 S.E.2d 31, 34 (1999). "This Court is not here to second-guess values of marital and separate property where there is evidence to support the trial

court's figures." *Mishler v. Mishler*, 90 N.C. App. 72, 74, 367 S.E.2d 385, 386, *review denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). The trial court is not required to make exhaustive findings regarding evidence presented. *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988). Rather, the trial court is only required to make specific findings as to the ultimate facts. *Embler v. Embler*, 159 N.C. App. 186, 189, 582 S.E.2d 628, 631 (2003).

In the instant case, both plaintiff and defendant testified to the value of the motorcycle. The National Automobile Dealers Association (NADA) value of the motorcycle was submitted to the trial court without objection. The trial court found as fact that the motorcycle was worth "a[t] least" $16,450.00. Defendant contends that the trial court's valuation of the motorcycle was erroneous because it was not a specific finding of value under the rationale of our Supreme Court's decision in *Patton v. Patton*. 318 N.C. 404, 407, 348 S.E.2d 593, 595 (1986). However, the findings of fact show that the trial court found the motorcycle had a net equity (the motorcycle's fair market value less any debt against it) of $1,952.00. We find that this is a sufficient finding of fact as to the fair market value of the motorcycle and does not violate the rationale of *Patton*. 318 N.C. at 407, 348 S.E.2d at 595. The trial court's findings on the fair market value of the motorcycle are supported by evidence in the record and are binding on appeal. This assignment of error is without merit.

[2] In his second assignment of error, defendant argues that the trial court's distributive award requiring defendant to pay plaintiff $25,000.00 was erroneous. Defendant argues there was insufficient evidence to rebut the presumption that an in-kind distribution of marital property is equitable, N.C. Gen. Stat. § 50-20(e) (2003), and insufficient findings as to whether defendant possessed the liquid assets to satisfy the award. We agree and remand this matter to the trial court for further findings of fact.

Previous decisions of this Court held that the trial court could properly order a distributive award instead of an in-kind distribution when the in-kind distribution was found to be impracticable. *See, e.g.*, *Heath v. Heath*, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999) (holding that the trial court must make a finding that an equitable distribution of the marital property in kind would be impractical). In 1997 N.C. Gen. Stat. § 50-20(e) was amended to "create a rebuttable presumption that an in-kind distribution of property is equitable." 1997 N.C. Sess. Laws 302 § 1. In creating this presumption the General

Assembly discarded the impracticality standard. *Id.* The trial court's order, in this case, is devoid of any findings of fact or conclusions of law pertaining to this presumption. The trial court did not follow the statutory presumption and made a distributive award. When there is a presumption in the law, the finder of fact is bound by the presumption unless it finds that the presumption has been rebutted. *See Alexander v. Alexander,* 68 N.C. App. 548, 552, 315 S.E.2d 772, 775-76 (1984). We hold that in equitable distribution cases, if the trial court determines that the presumption of an in-kind distribution has been rebutted, it must make findings of fact and conclusions of law in support of that determination. *See Heath,* 132 N.C. App. at 38, 509 S.E.2d at 805.

Further, N.C. Gen. Stat.§ 50-20(c) enumerates distributional factors to be considered by the trial court. One of those factors is "[t]he liquid or nonliquid character of all marital property and divisible property." N.C. Gen. Stat. § 50-20(c)(9) (2003). The trial court is required to make findings as to whether the defendant has sufficient liquid assets from which he can make the distributive award payment. *Embler,* 159 N.C. App. at 188-89, 582 S.E.2d at 630.

In the instant case, the trial judge only listed one source of liquid assets from which defendant could pay the distributive award. That liquid asset, held in the trust account of defendant's attorney, totaled $5,219.47. This amount, as Judge Keever stated in her order, is only partial payment for the distributive award of $25,000.00. Judge Keever made no findings as to whether defendant had other sufficient liquid assets to pay the distributive award. "Although defendant may in fact be able to pay the distributive award, defendant's evidence is sufficient to raise the question of where defendant will obtain the funds to fulfill this obligation." *Embler,* 159 N.C. App. at 188, 582 S.E.2d at 630.

We therefore reverse the trial court on this assignment of error, and remand this matter for additional findings of fact on whether the presumption of an in-kind distribution has been rebutted and whether defendant has sufficient liquid assets to pay the distributive award to plaintiff, consistent with this opinion.

On remand the trial court may in its discretion receive further evidence and argument from the parties if it deems necessary and appropriate to comply with this opinion. *Heath,* 132 N.C. App. at 38, 509 S.E.2d at 805.

Defendant argues in his third assignment of error that the trial court unequally distributed the marital property due to the faulty valuation of the 1995 Harley-Davidson motorcycle discussed in assignment of error number one. Because we have found defendant's first assignment of error to be without merit, his third assignment of error is also without merit.

AFFIRMED IN PART.

REVERSED AND REMANDED IN PART.

Judges CALABRIA and ELMORE concur.