ELMORE, Judge.
LaWanda Bellamy McDowell and Walter McDowell (respondents) appeal an order terminating parental rights to their daughter, J.G.M. As we cannot discern the basis of the trial court's order, we vacate the order and remand for the entry of an order stating specifically the grounds to support termination.
By order dated 12 July 1999, the District Court of Rowan County ajudicated J.G.M. to be an abused and neglected juvenile under N.C. Gen. Stat. § 7A-517(1) and (21). On 20 December 2001, the Rowan County Department of Social Services (DSS) filed a motion in the cause seeking termination of the parental rights ofrespondents to J.G.M. This motion alleged that grounds existed to terminate parental rights under N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (3). On 11 June 2003, the court issued its order terminating the parental rights of both respondents. This order states that "Pursuant to G.S. 7B-1111, sufficient grounds exist to terminate the parental rights . . ." without specifying the provisions of N.C. Gen. Stat. § 7B-1111(a) upon which it based the order.
It is the duty of the trial court to enter an order such that the appellate court can readily understand the basis of the order. See Coble v. Coble, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). It is not the role of the appellate court to "guess" the grounds upon which the trial court terminated the respondents' parental rights. When the trial court fails to state specifically the grounds to support its order, this Court should not be required to analyze each and every possible ground for termination.
Accordingly, we vacate the order and remand this matter to the trial court for the entry of a proper order, clearly stating the provisions of N.C. Gen. Stat. § 7B-1111 which it found were the basis of the termination order. Upon remand, the trial court should, in its discretion, be allowed to receive further evidence, and make additional findings of fact. Heath v. Heath, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999).
Vacated and remanded.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).