WARREN v. WARREN

[175 N.C. App. 509 (2006)]

---

NANCY WARREN, Plaintiff v. BOBBY CAROL WARREN, Defendant

No. COA04-1555

(Filed 17 January 2006)

**1. Appeal and Error— motion to dismiss an appeal—made in brief—not addressed**

Motions to dismiss an appeal must be raised in accordance with Rule 37 of the North Carolina Rules of Appellate Procedure, and not in a brief. The motion in this case was not addressed.

**2. Divorce— equitable distribution—property deeded to couple—presumption of marital gift—not rebutted**

The trial court did not err by finding that a parcel of land was marital property where the presumption of gift to the marital estate was not rebutted. Plaintiff wife's understanding of the transaction is immaterial because only the donor's intent is relevant, and defendant donor husband's testimony alone is not sufficient to rebut the presumption.

**3. Divorce— equitable distribution—no in-kind distribution—remanded for findings**

An equitable distribution order was remanded where the trial court did not order an in-kind distribution of certain property but did not make findings or conclusions about the presumption of an in-kind distribution and whether the presumption was rebutted. It is not enough that there may be evidence in the record sufficient to support findings which could have been

WARREN v. WARREN

[175 N.C. App. 509 (2006)]

made; the trial court itself must determine the pertinent facts established by the evidence before it.

**4. Divorce— equitable distribution—separate property—not subject to distribution**

The trial court in an equitable distribution action erred by awarding an automobile to the parties' oldest child after finding that the automobile was the separate property of the child. The car was not subject to distribution after the court found that the car was separate property.

**5. Divorce— equitable distribution—valuation of truck**

The trial court's valuation of a pick-up truck in an equitable distribution action was supported by competent evidence and was not disturbed.

**6. Divorce— equitable distribution—IRA—valued at date of separation—early distribution to pay bills—penalties**

The trial court did not err in an equitable distribution action by valuing defendant husband's IRA at the date of separation, even though defendant subsequently incurred substantial taxes and penalties for early withdrawal to pay bills after plaintiff wife withdrew marital funds. Defendant's evidence is more properly considered as a distributional factor.

**7. Divorce— equitable distribution—post-separation payments of debt—divisible property**

Defendant's post-separation payments on a line of credit decreased finance charges and interest related to a marital debt, and constitutes divisible property to the extent made after the effective date of N.C.G.S. § 50-20(b)(4)(d). The trial court on remand must make findings regarding post-separation payments made after that date.

**8. Divorce— equitable distribution—post-separation debt— not distributable**

The trial court in an equitable distribution action did not have the authority to distribute increased debt resulting from plaintiff's post-separation draw on a line of credit. On remand, the court should take into account defendant's payment of finance charges incurred for plaintiff's separate debt.

**9. Divorce— equitable distribution—unequal distribution—findings**

An equitable distribution action was remanded for further findings on evidence offered by defendant in requesting an unequal distribution.

Appeal by defendant from judgment entered 22 April 2004 by Judge Marvin P. Pope, Jr. in Buncombe County District Court. Heard in the Court of Appeals 20 September 2005.

*Cecilia Johnson for plaintiff-appellee.*

*Mary Elizabeth Arrowood for defendant-appellant.*

GEER, Judge.

Defendant Bobby Carol Warren appeals from the trial court's equitable distribution judgment providing for an equal division of marital property between defendant and plaintiff Nancy Warren. On appeal, Mr. Warren primarily argues that the trial court erred by failing to make findings of fact (1) as to why there should not be an in-kind distribution of certain real property, and (2) regarding evidence he offered in support of his request for an unequal distribution. We agree and remand for further findings of fact in accordance with this opinion.

Facts

The parties were married in 1984, separated in 2001, and subsequently divorced. Three children were born during the marriage. At the time of the order currently on appeal, the oldest child, born in 1984, was emancipated, but the couple's two minor children, born in 1986 and 1991, resided with Mr. Warren.

In September 2001, Ms. Warren filed a complaint in Buncombe County District Court seeking child custody and support, equitable distribution, post-separation support and alimony, and attorneys' fees. Mr. Warren filed an answer and counterclaim in November 2001, denying the relevant allegations and seeking, among other things, a custody determination and an unequal division of the couple's marital estate in his favor.

In its order entered 22 April 2004, the trial court found that the couple had $151,980.21 in marital assets, including: a 16.86 acre parcel of real property valued at $64,000.00; four vehicles, collectively

valued at $15,040.00; bank accounts totaling $27,499.00; retirement accounts totaling $40,591.21; and $4,850.00 of miscellaneous personal property. The trial court also found that the couple's marital debt totaled $26,588.96.

To Mr. Warren, the trial court awarded the entire 16.86 acre tract, three of the vehicles, two of the bank accounts, one retirement account, and approximately half of the couple's personal property. The court valued these assets at $90,854.00. The court also allocated $21,720.96 of the marital debt to Mr. Warren. Accordingly, Mr. Warren was awarded a net share of the couple's marital estate amounting to $69,133.04. The remaining marital property, totaling $33,356.00, was awarded to Ms. Warren. The trial court allocated Ms. Warren $4,868.00 of the marital debt, resulting in her receiving a net share of the marital estate of $28,488.00.

Because the trial court found that an equal division of the property between Mr. Warren and Ms. Warren would be equitable, the court directed Mr. Warren to pay Ms. Warren "one-half of the economic difference between the marital property received by [Mr. Warren] and [Ms. Warren]" equal to $20,322.52. To effectuate payment, the court ordered Mr. Warren to obtain a commercial loan within three months and pay Ms. Warren in one lump sum or, alternatively, to pay Ms. Warren $10,000.00 within three months and then make monthly payments on the balance of $215.00 per month for five years or until the balance was paid in full. Mr. Warren has timely appealed to this Court.

## Discussion

[1] Before addressing the issues raised by Mr. Warren's appeal, we first acknowledge that Ms. Warren has included a motion to dismiss this appeal in the opening pages of her appellee brief. Such motions may not be raised in a brief, but rather must be made in accordance with N.C.R. App. P. 37. *Smithers v. Tru-Pak Moving Sys., Inc.*, 121 N.C. App. 542, 545, 468 S.E.2d 410, 412 ("A motion to dismiss an appeal must be filed in accord with Appellate Rule 37, not raised for the first time in the brief . . . ."), *disc. review denied*, 343 N.C. 514, 472 S.E.2d 20 (1996). This motion is not, therefore, properly before this Court and we decline to address it. In any event, we note that the motion is based in part on Mr. Warren's failure to file the exhibits of both parties, despite the stipulation in the record on appeal that he would do so. The exhibits, however, have proven immaterial to the resolution of this appeal.

WARREN v. WARREN

[175 N.C. App. 509 (2006)]

I

**[2]** On appeal, Mr. Warren contends that the trial court erred by concluding that the entire 16.86 acre parcel was marital property. Mr. Warren had initially inherited an interest in the parcel after the death of his father, who left a half-interest in the land to each of his sons. Ms. Warren's name was not included on the deed that resulted from this inheritance. Subsequently, Mr. Warren and his brother deeded the entire parcel to both Mr. Warren and Ms. Warren.

When previously separate real property becomes titled by the entireties, the law presumes the transfer to be a gift to the marital estate. *McLean v. McLean*, 323 N.C. 543, 551-52, 374 S.E.2d 376, 381-82 (1988). *See also* 3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 12.33, at 12-100 (5th ed. 2002) ("The [marital gift] presumption applies in all instances when the spouses cause title to real property, or an interest in real property, to be in the entireties. The presumption applies when one spouse conveys to the other spouse in the entireties and when, because of a purchase, third parties convey to the spouses in the entireties.").[1] This presumption may be rebutted only by clear, cogent, and convincing evidence that there was no donative intent to make a gift to the marriage on the part of the alleged donor spouse. *McLean*, 323 N.C. at 551-52, 374 S.E.2d at 381-82.

It is uncontested that (1) after Mr. Warren inherited the parcel with his brother, Mr. Warren's interest was his separate property, and (2) when the entire parcel was conveyed to Mr. Warren and Ms. Warren, title vested in both as tenants by the entirety. Further, the deed conveying the parcel to both Mr. Warren and Ms. Warren does not indicate any intention that the parcel not become marital property. Thus, the burden was on Mr. Warren to provide clear, cogent, and convincing evidence that he did not intend to make his interest in the parcel a gift to the marital estate.

In support of his argument, Mr. Warren points to Ms. Warren's testimony, in which she stated that she did not believe Mr. Warren had ever given her an interest in the land. It is, however, the donor's, not the donee's, intent that is relevant. *Id.* Ms. Warren's understanding of the transaction is, therefore, immaterial.

---

1. Mr. Warren makes no argument regarding whether this presumption applies to a transfer from a third party, such as his brother, and we express no opinion on that question.

Mr. Warren also points to his own testimony that he did not instruct the attorney performing the conveyance to transfer the property by the entireties and to his offer of proof that he "had no intent to make a gift to [plaintiff] of my inheritance whatsoever."[2] Our courts have held, however, that the donor's testimony alone that he lacked the requisite intent is insufficient to rebut the marital gift presumption. *See Thompson v. Thompson*, 93 N.C. App. 229, 232, 377 S.E.2d 767, 768-69 (1989) (defendant's testimony alone "certainly" did not rise to the level of clear, cogent, and convincing evidence). *See also* 3 Reynolds, *supra*, § 12.33, at 12-102 ("Often the only evidence of a lack of donative intent is the donor's testimony. The appellate cases of North Carolina have uniformly held that such evidence alone will not satisfy the burden of rebutting the presumption by clear, cogent, and convincing evidence."). Accordingly, because the only relevant evidence Mr. Warren offered to rebut the presumption was his own testimony, the trial court did not err in finding that the entire parcel was marital property.

[3] Mr. Warren argues alternatively that, even assuming the 16.86 acre parcel was marital property, the trial court erred by failing either (1) to order an in-kind distribution of the property or (2) to make findings of fact justifying a distributive award rather than an in-kind distribution. In North Carolina, "it shall be presumed in every action that an in-kind distribution of marital or divisible property is equitable." N.C. Gen. Stat. § 50-20(e) (2003). This presumption "may be rebutted by the greater weight of the evidence, or by evidence that the property is a closely held business entity or is otherwise not susceptible of division in-kind." *Id.* This Court has recently held that "in equitable distribution cases, if the trial court determines that the presumption of an in-kind distribution has been rebutted, it must make findings of fact and conclusions of law in support of that determination." *Urciolo v. Urciolo*, 166 N.C. App. 504, 507, 601 S.E.2d 905, 908 (2004).

In this case, although the trial court did not order an in-kind distribution of the parcel, it made no findings of fact or conclusions of law regarding the presumption and whether it was rebutted. Plaintiff responds that the record contains evidence sufficient to support a finding that the presumption of an in-kind distribution had been rebutted. "It is not enough that there may be evidence in the

---

2. Although Mr. Warren argues in his brief that the trial court improperly excluded his testimony regarding his intent, Mr. Warren did not assign that ruling as error and we, therefore, will not review it. N.C.R. App. P. 10(a).

record sufficient to support findings which *could have been made.* The trial court must itself determine what pertinent facts are actually established by the evidence before it . . . ." *Coble v. Coble,* 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980). We must, therefore, "reverse the trial court on this assignment of error, and remand this matter for additional findings of fact on whether the presumption of an in-kind distribution has been rebutted . . . ." *Urciolo,* 166 N.C. App. at 507, 601 S.E.2d at 908.

## II

**[4]** Mr. Warren next contends that the trial court erred in finding that a 1991 Ford Tempo was the property of the oldest child. The trial court made the following finding of fact with respect to the Ford Tempo: "That the 1991 Ford Tempo automobile is the separate property of the oldest child and is not subject to equitable distribution between [Ms. Warren] and [Mr. Warren]." In the decretal portion of the order, the court provided, based on this finding, that "the 1991 Ford Tempo automobile shall be the sole property of the oldest child." Although Mr. Warren agrees with the trial court's finding that the Tempo was separate property, he objects to the trial court's award of the car to the oldest child. Ms. Warren agrees that this portion of the order is in error.

Trial courts may distribute only marital and divisible property. N.C. Gen. Stat. § 50-20(a) ("Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of this section."). A trial court has no authority to distribute separate property: "Following classification, property classified as marital is distributed by the trial court, while separate property remains unaffected." *McLean,* 323 N.C. at 545, 374 S.E.2d at 378. Once the trial court found that the Tempo was separate property, that property was not subject to distribution, and the trial court erred in specifying that the car was the property of the couple's oldest child. We, therefore, reverse that portion of the trial court's order.

## III

**[5]** Mr. Warren also disputes the trial court's valuation of two marital assets that the court awarded to him: a Ford Ranger pickup truck and an IRA. In equitable distribution proceedings, marital property must be valued "as of the date of the separation of the parties." N.C. Gen. Stat. § 50-21(b) (2003).

At trial, Mr. Warren offered evidence that the pickup truck was only worth $2,000.00 on the date of separation. In contrast, Ms. Warren offered evidence that the value of the pickup truck on the date of separation was $4,860.00. The trial court ultimately found that the pickup truck had a value on the date of separation of $4,860.00. Despite Mr. Warren's arguments to the contrary, this finding is supported by competent evidence and we may not disturb it on appeal. *Urciolo*, 166 N.C. App. at 506, 601 S.E.2d at 907.

[6] The trial court valued Mr. Warren's IRA at $12,821.00. Although Mr. Warren concedes that $12,821.00 accurately states the value of the IRA as of the date of separation, he nonetheless argues that he was entitled to have the IRA valued at $6,000.00 because he was forced to cash in the IRA early to pay bills when Ms. Warren withdrew $26,000.00 of marital funds after the date of separation to purchase and furnish a mobile home for herself. Mr. Warren argues that, as a result of the taxes and penalties he incurred, he netted only $6,000.00 from the IRA. Since the trial court was required by statute to find the value of the IRA as of the date of separation, the court did not err by doing so. Mr. Warren's evidence is more properly considered as a distributional factor under N.C. Gen. Stat. § 50-20(c).

## IV

[7] Mr. Warren next argues that the trial court erred by making insufficient findings of fact regarding (1) post-separation payments he made with respect to marital debt and (2) increased payments resulting from financial misconduct by Ms. Warren. On the date of separation, the parties had an equity line of credit with a balance of $17,738.72. Mr. Warren argues that he paid $4,320.27 in finance charges or interest on this line of credit with post-separation funds. Further, after separation, Ms. Warren borrowed an additional amount of $7,500.00 on this line of credit. Although, pursuant to a court order, Ms. Warren repaid the $7,500.00 approximately four months later, it is undisputed that Ms. Warren's actions resulted in Mr. Warren being required to make increased monthly payments on the line of credit over the four-month period.

Mr. Warren argues that his post-separation payments on the line of credit constituted "divisible property" under N.C. Gen. Stat. § 50-20(b)(4)(d). Although this Court rejected such an argument in *Hay v. Hay*, 148 N.C. App. 649, 655, 559 S.E.2d 268, 273 (2002), in connection with post-separation mortgage payments, that opinion predated a 2002 amendment to N.C. Gen. Stat. § 50-20(b)(4)(d). At the

time of *Hay*, the statute defined divisible property as including only " '[i]ncreases in marital debt and financing charges and interest related to marital debt.' " *Hay*, 148 N.C. App. at 655, 559 S.E.2d at 273 (quoting N.C. Gen. Stat. § 50-20(b)(4)(d) (1999)). The Court reasoned that the subsection did not apply because "[d]efendant's mortgage payments have not increased the marital debt, financing charges, or interest on the marital debt." *Id.*

The statute, as amended in 2002, 2002 N.C. Sess. Laws ch. 159, sec. 33.5, now provides that divisible property includes "[i]ncreases *and decreases* in marital debt and financing charges and interest related to marital debt." N.C. Gen. Stat. § 50-20(b)(4)(d) (emphasis added). As a leading commentator has explained,

> With the 2002 amendment to the statute, the subsection authorizes the court to classify postseparation payments of marital debt as divisible property. Whether these payments reduce the principal of the debt, the finance charges related to the debt, or interest related to the debt, the court should consider the postseparation payments as divisible property. If the postseparation reduction of the marital debt increases the net value of the marital property, the court may classify the increase as divisible property.

3 Reynolds, *supra*, § 12.52, at 5 (Cum. Supp. 2004) (also noting that the amendment appeared to respond to *Hay*). This amendment became effective 11 October 2002. 2002 N.C. Sess. Laws ch. 159, sec. 92.

Since Mr. Warren's payments decreased financing charges and interest related to marital debt, those payments—to the extent made after 11 October 2002—constituted divisible property. "A trial court must value all marital and divisible property . . . in order to reasonably determine whether the distribution ordered is equitable." *Cunningham v. Cunningham*, 171 N.C. App. 550, 555-56, 615 S.E.2d 675, 680 (2005). On remand, the trial court must, therefore, make findings of fact regarding the post-separation debt payments made after 11 October 2002.

[8] The analysis differs with respect to the increased amount paid as a result of Ms. Warren's $7,500.00 post-separation draw on the line of credit. This draw and the resulting finance charges and interest were not marital debt (or divisible property) and, therefore, the trial court had no authority to distribute that debt. *Fox v. Fox*, 114 N.C. App. 125,

134, 441 S.E.2d 613, 619 (1994). The trial court should take into account on remand Mr. Warren's payment of finance charges incurred for Ms. Warren's separate debt.

V

[9] Finally, defendant argues that the trial court erred by not making findings of fact regarding the factors set forth in N.C. Gen. Stat. § 50-20(c). A trial court "must make findings of fact under section 50-20[c] regarding any of the factors for which evidence is introduced at trial." *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 395, 545 S.E.2d 788, 794, *aff'd per curiam*, 354 N.C. 564, 556 S.E.2d 294 (2001). *See also Armstrong v. Armstrong*, 322 N.C. 396, 404, 368 S.E.2d 595, 599 (1988) ("When, however, evidence is presented from which a reasonable finder of fact could determine that an equal division would be inequitable, the trial court is required to consider the factors set forth in N.C.G.S. § 50-20(c) . . . ."). This requirement exists regardless whether the trial court ultimately decides to divide the property equally or unequally. *Id.* at 403, 368 S.E.2d at 599.

In requesting an unequal distribution, Mr. Warren offered evidence relating to various factors under N.C. Gen. Stat. § 50-20(c), including, for example, § 50-20(c)(9) and (11a), as well as evidence that Mr. Warren contends should be considered under the catch-all factor, § 50-20(c)(12) ("Any other factor which the court finds to be just and proper."). Because the trial court made no findings regarding those factors and instead concluded only that "an equal distribution of the property . . . is equitable," we must remand for further findings of fact on this issue as well.

Since we have required further findings of fact, we do not reach Mr. Warren's argument that the court erred by failing to order an unequal distribution. We have also reviewed Mr. Warren's remaining assignments of error and determined that none of them resulted in prejudicial error.

## Conclusion

In sum, we affirm the trial court's categorization of the 16.86 acre parcel as marital property and its valuation of Mr. Warren's Ford Ranger pickup truck and IRA. We remand, however, for further findings of fact regarding whether there should be an in-kind distribution of the 16.86 acre parcel, Mr. Warren's post-separation debt payments, and the N.C. Gen. Stat. § 50-20(c) factors. We reverse the trial court's award of the 1991 Ford Tempo to the couple's eldest child.

Affirmed in part, reversed in part, and remanded.

Chief Judge MARTIN and Judge BRYANT concur.