**HINKLE v. HINKLE**

[227 N.C. App. 252 (2013)]

---

JOYCE COLLEEN HINKLE, Plaintiff
v.
DENNIS WAYNE HINKLE, Defendant

No. COA12-781

Filed 21 May 2013

**1. Divorce—equitable distribution—unequal division—findings**

The trial court erred in an equitable distribution action by not addressing the parties' contentions regarding an unequal distribution where the parties presented evidence about those issues. On remand, the parties were permitted to offer additional evidence on the income, liabilities and property of the parties on the date of division, since the division had not yet become effective.

**2.   Divorce—equitable distribution—value of property—findings**

In an equitable distribution case remanded on other grounds, the trial court was directed to make findings clarifying the valuation of certain property where the trial court had not made a specific finding about the date of the valuation or of the value of the mortgage on the property.

Appeal by plaintiff from order entered 3 January 2012 by Judge C. Thomas Edwards in Catawba County District Court. Heard in the Court of Appeals 14 March 2013.

*CROWE & DAVIS, P.A., by H. Kent Crowe, for plaintiff.*

*WESLEY E. STARNES, P.C., by Wesley E. Starnes, for defendant.*

ELMORE, Judge.

Joyce Colleen Hinkle (plaintiff) appeals from the order of equitable distribution entered 3 January 2012. Plaintiff asserts that the trial court erred by failing to consider certain findings of fact per N.C. Gen. Stat. § 50-20(c). After careful consideration, we remand with further instruction consistent with this opinion.

## I.  Background

Plaintiff and Dennis Wayne Hinkle (defendant) were married on 29 July 1990 and lived together as husband and wife for approximately seventeen years. In July 2009, plaintiff filed a complaint in Catawba County District Court seeking an absolute divorce, equitable distribution with plaintiff receiving more that 50 percent of the marital property, and costs. Defendant filed an answer and counterclaim in October 2009, praying the trial court for an order of equitable distribution.

In its order, the trial court made findings of fact including, but not limited to, (1) the value of defendant's 401(k) retirement account, (2) the value of the 1448 Cauble Dairy Road property, (3) the value of the Connelly Springs property, (4) the value of a 2 acre tract of land in Cleveland County, (5) the sum of property taxes paid by the parties, and (6) the value of numerous household and personal items at the date of separation. The trial court then determined that the parties' marital assets totaled $34,862.00, and ordered that that an equal division of the marital estate between the parties would be equitable. Plaintiff appeals.

## II. Analysis

**[1]** Plaintiff argues that the trial court erred by failing to consider certain factors set forth in N.C. Gen. Stat. § 50-20(c) before entering its order. We agree.

In North Carolina, we presume that an equal distribution of marital or divisible property is equitable. *See Warren v. Warren*, 175 N.C. App. 509, 514, 623 S.E.2d 800, 803 (2006) (quotations and citations omitted). "This presumption may be rebutted by the greater weight of the evidence[.]" *Id.* "Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, N.C.G.S. § 50-20(c)[], will establish an abuse of discretion." *Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citations omitted).

Per N.C. Gen. Stat. § 50-20, a trial court "must make findings of fact under section 50-20[c] regarding any of the factors for which evidence is introduced at trial." *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 395, 545 S.E.2d 788, 794 (2001) (citation omitted). This requirement exists regardless of whether the trial court ultimately decides to divide the property equally or unequally. *Armstrong v. Armstrong*, 322 N.C. 396, 403, 368 S.E.2d 595, 599 (1988).

The trial court entered a pretrial order by consent of the parties on 20 September 2010, and this order was not amended prior to or at trial. The pretrial order is no mere formality; it is required under 25 Jud. Dist. Family Domestic Rule 5.6, pursuant to N.C. Gen. Stat. § 50-21(d). The parties each set forth their contentions for unequal distribution in the pretrial order. Plaintiff set forth the following contentions for unequal distribution in her favor:

> 1. The income, property, and liabilities of each party at the time the division of property is to become effective;
>
> 2. The duration of the marriage and the age and physical and mental health of both parties;
>
> 3. Unequal division of property due to the fact of the Health Issues of the Plaintiff/Wife;
>
> 4. Waste by Husband, marital assets and use of wife's separate property during marriage to support husband's racing hobby; and

**HINKLE v. HINKLE**

[227 N.C. App. 252 (2013)]

5. Wife's care for Husband's mother which lived with the parties.

6. Money paid for bills, etc. on land Husband inherited then returned to uncle after Wife spent approximately $7,000.00.

7. Payment of property taxes where he is currently living.

8. Any other factor which the court finds to be just and proper.

Defendant also set forth contentions for unequal distribution in his favor, as follows:

1. Marital funds were used to pay the ad valorem taxes on Wife's separate property in Kings Mountain.

2. Improvements made during the marriage to property at 1692 US Hwy 70, Connelly Springs, NC, including, but not limited to, reconstruction; bathroom; refinished cabinets; painted house; installed tile in kitchen and dining room; 16' X 40' garage; new windows; new deck – 20' X 24'; handicap ramp; new water heater; replaced lights, switches and receptacles; removal of 9 large trees; painted inside and out; new heat pump; plumbing, gutters, removal of three shed; taxes paid. Husband performed all labor. Some funds may have been borrowed by Wife against the property and some were marital funds.

3. The difficulty of establishing the marital interest due to the improvements made to the 1692 US Hwy 70, Connelly Springs, NC property.

4. The impact of the leasehold interest of Doris Barger on the value of the property at 1448 and 1450 Cauble Dairy Rd, Hickory, NC property.

5. The reasonable reliance by Husband upon the document signed December 6, 2007, by Wife.

6. If the mortgage on the 1692 US Hwy 70, Connelly Springs, N.C. property is found to be marital debt, which Husband denies, the use of this debt without the knowledge or consent of Husband.

7. If the mortgage on the 1692 US Hwy 70, Connelly Springs, N.C. property is found to be marital debt, which Husband denies, the difficulty in establishing the use of these funds without the knowledge or consent of Husband.

8. Payments made by Husband on the Cauble Dairy Rd, Hickory, N.C. property mortgage and the debt on the mobile home.

9. The impact of Husband's reduced hours since the date of separation upon his financial condition.

10. The sale of the 1692 US Hwy 70, Connelly Springs, N.C. property to Wife's son by a prior marriage, resulting from Husband's reliance upon the document signed by Wife and dated December 6, 2007 at less than the Fair Market Value.

11. Husband's care for Wife's mother which resulted in the conveyance/inheritance of the 1692 Hwy 70, Connelly Springs, NC property to Wife.

Plaintiff argues that the trial court failed to make any findings of fact or conclusions of law regarding the contentions for unequal distribution. Defendant essentially concedes that none of the trial court's findings specifically address the distributional factors, but argues that we should simply assume that the trial court did consider the factors. For example, defendant notes that the trial court did not find the ages of the parties, but contends that "this is a mere oversight and has been considered in the trial court's decision."

Regarding plaintiff's health issues, defendant states that "it is again conceded that the trial court did not address these issues in its findings of fact. However, this factor is not included in the contentions of the plaintiff in the pretrial order." As is obvious from reference to the list of contentions in the pretrial order quoted above, this argument is simply false. Plaintiff did specifically note "the physical and mental condition health of both parties" as well as requesting "[u]nequal division of property due to the fact of the Health Issues of the Plaintiff/Wife." The parties presented evidence regarding the issues raised in their contentions for unequal distribution; defendant does not argue otherwise. It is apparent that the trial court failed to address any of the parties' contentions for unequal distribution in any substantive way, despite the fact that the parties presented evidence addressing these issues.[1]

---

1. Perhaps the lack of findings on these issues is related to the fact that the trial court failed to enter its order until a year after the equitable distribution trial. The order

Here, there is evidence in the record tending to show that plaintiff was sixty-five years old at the time of the equitable distribution hearing and was not in good health; she had been diagnosed with (among other things) stage two breast cancer, chronic obstructive pulmonary disease (COPD), and high blood pressure. Additionally, there is evidence in the record that plaintiff's income was approximately $847.00 per month and defendant's was approximately $1,600.00 per month. "The health and incomes of the parties are factors that must be considered, when evidence is presented, by the trial court in making a distribution of the marital property." *Collins v. Collins*, 125 N.C. App. 113, 117, 479 S.E.2d 240, 243 (1997) (citations omitted). The order in the case *sub judice* does not include any findings of fact tending to show that the trial court considered this evidence.

After reviewing the order, we conclude that the trial court made sufficient findings of fact regarding the duration of the parties' marriage. However, we must remand for the trial court to make findings of fact and appropriate conclusions of law regarding the other contentions for unequal distribution raised by both parties, as set forth in the pretrial order. Since one of the factors which the trial court must address on remand is "[t]he income, property, and liabilities of each party *at the time the division of property is to become effective*," prior to making its additional findings of fact and conclusions of law, the trial court shall permit the parties to offer additional evidence only as to this factor, if they so choose, as the trial of this matter was in January of 2011, and the division has not yet become effective, over two years later. Because we are remanding for additional findings of fact and conclusions of law, we will not address plaintiff's remaining argument on appeal.

[2] Although plaintiff has not specifically challenged the trial court's finding of the value of the Cauble Dairy Road property, on remand, the trial court should also make additional findings clarifying the valuation of the Cauble Dairy Road property since this particular property and associated debt was also the subject of some of the contentions for unequal distribution. The trial court did classify the Cauble Dairy Road property as marital and found that it was valued at $6,000.00, but it made no specific finding about the date of this valuation or the value of the mortgage on that property. The value found by the trial court appears to be a net value based upon the fair market value of the property less the mortgage, but we cannot discern how the trial court reached that figure.

also states that was "Entered after deliberation this the 3rd day of January, 2012 and signed this 3rd day of January, 2012, nunc pro tunc. As the order was both announced and executed on the same day, it is unclear why it would be entered as nunc pro tunc.

Because the valuation of this property and debt is related to the distributional issues raised by the parties, more specific findings are needed. *See Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986). ("The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review to determine from the record whether the judgment-and the legal conclusions that underlie it-represent a correct application of the law." (citation and quotation marks omitted)).

Plaintiff contended that the net value of the property was $10,870.58, while defendant asserted it was worth nothing, given the life estate interest of Doris Barger. There was also some confusion at the hearing about what the actual value of the property was and how much remained on the mortgage. Indeed, there was some indication that the debt may have exceeded the value of the property. Given the conflicting evidence of the valuation of the property and the debt in the record and the fact that this particular property was the subject of some of the contentions for unequal distribution, on remand the trial court must also make findings clarifying the fair market value of the property and the amount of the mortgage debt as of the date of valuation and date of distribution, before proceeding to distribution.

Remanded.

Judges STEELMAN and STROUD concur.